# Wertz's Appeal.

1. The owner of land charged with a widow's thirds, mortgaged it; afterwards a judgment was recovered against him, under which the land was sold, there being then arrears of interest due the widow. *Held*, that the purchaser took subject to the arrears of interest and the mortgage.

2. When a mortgage is prior to all other liens except a fixed charge on the land not itself divested by the sale, the lien of the mortgage is not divested by a sale under a subsequent lien, although there may be arrears due on the prior charge, whether accrued before or after the date of the mortgage.

3. Such arrears being part of the fixed charge are not to be paid from the proceeds of sale.

4. The mortgage being thus a fixed lien the sale is subject to all prior encumbrances.

5. Interest accrues *de die in diem*, and is always apportionable.

6. Devine's Appeal, 6 Casey 348, Miners' Bank *v.* Heilner, 11 Wright 452, distinguished.

May 3d 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Appeal from the decree of the Court of Common Pleas of *Lancaster county:* No. 87, to May Term 1870.

In the distribution of the proceeds of the sheriff's sale of the real estate of Hiram L. Thompson.

Tilghman Thompson died intestate, January 14th 1864, seised of real estate, which was sold, October 29th 1864, to Hiram L. Thompson, under an order of the Orphans' Court for the payment of debts, for $2300. This sum was more than sufficient to pay the debts, and $369.85, one-third of the balance, was secured on the land for the life of the widow, the interest to be paid to her annually. On the 1st of April 1868, Thompson executed a mortgage on the land for $1000 to George Withers. On the 1st of May 1868, John D. Senseman recovered a judgment against Thompson for $500. Under this judgment the land was sold, June 12th 1869, to Benjamin Wertz, for $610, there being due at that time to the widow four years' interest, amounting to $88.76. After deducting costs, $539.76 were brought into court. The matter was referred to N. E. Slaymaker, Esq., as auditor for distribution. He reported that neither the arrears on the widow's charge nor the mortgage were to be paid out of the proceeds of sale, and awarded the whole to Senseman, the judgment-creditor.

[Wertz's Appeal.]

The Court of Common Pleas confirmed the report, and awarded the fund to Senseman. The result thus being that Wertz took the land subject to the arrears of interest to the widow and the mortgage of Withers.

Wertz appealed to the Supreme Court, and assigned the decree of the court below for error.

*S. P. Eby* and *N. Ellmaker*, for appellant.—Judicial sales discharge all liens unless under exceptions created by statute or those growing out of the peculiar character of the encumbrance; these are only from necessity: Girard Life Ins. Co. *v.* Farmers' & Mechanics' Bank, 7 P. F. Smith 394. So of all liens that can be reduced to a certainty: Mohler's Appeal, 5 Barr 420. The interest on a widow's dower is payable from the proceeds of sale: Lauman's Appeal, 8 Barr 473; Kline *v.* Bowman, 7 Harris 24; Shertzer's Executors *v.* Herr, Id. 34; Reed *v.* Reed, 1 W. & S. 235.

*G. Brubaker, A. C. Carpenter* and *A. H. Hood*, for appellees. —Dower can be sold under a judgment: Thomas *v.* Simpson, 3 Barr 60. Dower is an estate: Zeigler's Appeal, 11 Casey 173; Schall's Appeal, 4 Wright 170; Devine's Appeal, 6 Casey 348; Helfrich *v.* Weaver, 11 P. F. Smith 385.

The opinion of the court was delivered, May 12th 1870, by

SHARSWOOD, J.—That the charge in favor of the widow of Tilghman Thompson was a fixed lien, not divested by the sheriff's sale on a junior encumbrance, is to be considered as now settled beyond any question. Indeed, it was not a matter of dispute either in the court below or here. It has been well stated as a general rule that a judicial sale will not discharge an encumbrance, whether created by the law or by the parties, when the charge stands in the title, and can be discharged only by the court undertaking to administer the fund by investing it in order to fulfil the purpose of it: Dewalt's Appeal, 8 Harris 236; Hiester *v.* Green, 12 Wright 96; Strauss's Appeal, 13 Wright 353. These cases did but generalize and apply the previous determination in Fisher *v.* Kean, 1 Watts 259; Bear *v.* Whisler, 7 Watts 144; Reed *v.* Reed, 1 W. & S. 239; Lauman's Appeal, 8 Barr 473. See Schall's Appeal, 4 Wright 170. It has, however, undoubtedly been held that though the charge itself may be a fixed lien, incapable of divestiture, because incapable of computation, the rule is different as to any arrears either of rent, annuity or interest which may be due at the time of the sheriff's sale; because such arrears are ascertainable with certainty in amount, and therefore payable out of the fund: Reed *v.* Reed, 1 W. & S. 235; Mohler's Appeal, 5 Barr 418; Kline *v.* Bowman, 7 Harris

24; Shertzer's Executors *v.* Herr, Id. 34; Lauman's Appeal, 8 Barr 473. It is to be remarked, however, that in no one of these cases was there any mortgage immediately following the fixed charge or lien, so that no question arose as to the effect of the Act of April 6th 1830, Pamph. L. 293. The intention of that act was to protect mortgages from divestiture, whenever there were no prior liens which were themselves liable to be divested by a judicial sale, or, as it was expressed in Helfrich *v.* Weaver, 11 P. F. Smith 385, "Liens the existence of which prior to a mortgage will cause it to be divested by a sheriff's sale, must be such as are themselves divested by the sale and thrown upon the fund." It is contended then, that as according to the authorities just cited, the arrears due Mrs. Thompson were payable out of the fund, they constituted a prior lien, which deprived the mortgage immediately following of the protection of the provision of the Act of 1830.

It is manifest that if these arrears accrued due subsequently to the date of the mortgage, they ought not to have that effect. Devine's Appeal, 6 Casey 348, and Miners' Bank *v.* Heilner, 11 Wright 452, are authorities in point as to this. If the law were not so, no mortgage would be safe; the Act of 1830 would be a snare. It would depend upon the good will or the ability of the debtor in paying up punctually his interest, whether the mortgage would remain or be divested by a sale. Very great uncertainty would thus be thrown around the vendee's title, a result to be most carefully guarded against. The same difficulty would exist if a distinction were to be drawn between arrears due at the date of the mortgage and those accruing subsequently. It may be said that it was the folly of the mortgagee to accept the security unless prior arrears have been discharged. Careful conveyancers will always see to this, not merely with reference to the question of first lien, but for other obvious reasons. We are not, however, to overlook the rights and interests of subsequent encumbrancers and of the owner of the lands. It is of great importance to them that the question whether a mortgage is to stand or fall by a sale should be disembarrassed as far as possible of all questions of fact *in pais* outside of the record. The amount of arrears unpaid at the time of the sale can rarely affect the price beyond a few hundred dollars, and may be ascertained without difficulty, and without much risk of loss, if there should even be a mistake. But the mortgage may be the whole or two-thirds of the value of the land, and upon the question whether it remains a lien or is discharged, it depends whether anything or nothing is to be bid. This should be removed from the region of conjecture and uncertainty, by making it in all cases, as far as possible, a mere question of law upon the record and paper title.

It is true that in Devine's Appeal, 6 Casey 348, there were no

[*Wertz's Appeal.*]

arrears due when the mortgages were executed. The fact is mentioned in the opinion, but it evidently was not the ground of the judgment. It was held in that case that on a sheriff's sale subject to a mortgage and also to a prior ground-rent, the purchaser takes subject to the arrears of ground-rent due at the time of the sale. "While it is admitted," said Mr. Justice Strong, "that the ground-rent lien itself is not discharged, it is contended that the lien of the arrears is gone, and consequently that that of the subsequent mortgage is gone. The priority of the lien for arrears is determinable by the date of the ground-rent deed, without regard to them when they accrued. It is to that deed alone that the subsequent encumbrancer or purchaser can look. It is unnecessary to refer to authorities for a doctrine so familiar. If a judgment be recovered for arrears, the lien on the land is still from the date of the deed. Unpaid arrears have no new lien created by matter *in pais* by the default of the tenant. They are the shadow of which the original ground-rent reservation is the substance, as much so as interest is of the principal." This course of reasoning applies with equal force to arrears due prior as well as subsequent to the date of the mortgage. The lien of those arrears did not spring into existence from time to time as they accrued due, otherwise there would be as many liens as there were days of payment. Interest indeed accrues *de die in diem*, and is always apportionable. They related to the date of the original charge, and attached themselves to it as a mere incident, forming part of the charge itself. They might have been sued for and recovered separately, but the judgment would not have deprived them of the benefit of the original lien, as was settled as long ago as Bantleon *v.* Smith, 2 Binn. 146, and never departed from since. In Miners' Bank *v.* Heilner, 11 Wright 452, no distinction was drawn in the case nor in the opinions between rent due before and after the date of the mortgage. But our brother Agnew, in his concurring opinion, says: "The lease being the subject of the mortgage, is necessarily prior to the mortgage, and the rent must therefore always be a prior lien. * * * The legislature therefore could not have intended that the rent which necessarily precedes the mortgage, should take away the security intended by this act to be given to leasehold mortgagees."

We conclude, then, that where a mortgage is prior to all other liens except a fixed charge on the land not itself divested by the sale, its lien is preserved by the Act of 1830, although there may be arrears of the prior charge due and unpaid, whether they accrued due before the date of the mortgage or subsequently to it, and that such arrears, being a part of the fixed charge itself, are therefore not to be paid from the fund in court. The mortgage itself being thus ascertained to be a fixed lien, the sheriff's sale

is necessarily subject also to all prior encumbrances : The Northern Liberties *v.* Swain, 1 Harris 113.

Decree affirmed and appeal dismissed, at the costs of the appellant.