| 88 | 492 |
| 136 | 366 |

## Smith's Appeal.  Ryan's Estate.

R. died in June 1850. By his will, executed in February 1848, he devised the residue of his estate to trustees, who were directed to divide and pay one-fourth of the income for life to each of his three living daughters, for their sole and separate use, and after the death of his daughters, in trust to transfer the principal on which such daughter so dying was entitled to receive the income to such persons and for such uses, intents and purposes as she might appoint, and in default of appointment to her child or children, and in default of child, to be continued under the same trust for the use and benefit of the testator's surviving children. Mary, one of the daughters of R., died in April 1876. By her will, made in March 1876, she gave all her estate, the estate derived from her husband and the estate derived from R., to trustees to pay and divide the income among her sons and daughters for life, without liability for their debts, and upon their deaths to transfer the principal to such persons and for such estates as they might by will limit and appoint, and in default of appointment, to the person or persons that would take under them if they had died intestate owning the same. The donees of Mary were all living at the time of the death of R. *Held*, that the appointment by Mary, under the power contained in her father's will, was transgressive of the rule against perpetuities and was wholly void, and that her share of the estate must be distributed under the clause in her father's will, which provides that for want of a will on the part of Mary her share of said principal sum shall be paid to her children in equal shares or proportions.

January 28th 1879.    Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Orphans' Court of *Philadelphia county*: Of
January Term 1878, No. 253.

This was the appeal of Philip L., Edwin and James M. Smith,
from the decree of the court, dismissing the exceptions of the appel-
lants and confirming the report of the auditor appointed to make
distribution in the matter of the account of Robert L. Reilly, substi-
tuted trustee under the will of Lewis Ryan, deceased.

The facts and proceedings in the court below will be found in the
report of the preceding case of Castner's Appeal, *ante*, 478.

Various questions as to the mode of distribution were raised before
the auditor, with which these appellants have no interest, and the
auditor filed his report awarding, inter alia, to the trustees under the
will of Mrs. Mary V. J. Smith, the balance of income and principal
due Mrs. Smith under the will of her father; also, one-quarter of
her sister Martha's share; and, also, three-eighths of the proceeds
from the sale of the house and furniture of Lewis Ryan.

The principles as to the division and the amounts thus awarded
were not disputed by these appellants, but it was contended by them
that the will of Mrs. Smith was inoperative and void, as an execu-
tion of the power given in the will of her father, and that the sums
awarded to the trustees under her will should have been awarded
to her children directly and absolutely.    Accordingly exceptions
were filed to the report of the auditor, which were dismissed by the
Orphans' Court, and the report confirmed absolutely.

From this decree this appeal was taken.

*Edward D. McLoughlin* and *Edward H. Weil*, for appellants.
—If the ruling of the auditor be sustained, and the children of Mrs.
Smith do not execute the power of appointment given by her will,
then, possibly, the third generation coming after Mr. Ryan can enjoy
the principal.    If the power of appointment should be executed by
them, and they should make a trust similar to that contained in Mrs.
Smith's will, the fair probabilities are that it will take one hundred
and fifty years from the time of Mr. Ryan's death before the fund
can be distributed.    Thus the scheme can be kept up and the fund
would be perpetually held sacred from touch.

The appointment by Mrs. Smith was therefore void: Lewis on
Perpetuities, ch. 12; Williams on Real Property 228, 262; 1 Jar-
man on Wills 233; Hillyard *v.* Miller, 10 Barr 334; Davenport
*v.* Harris, 3 Grant 158.

*E. Spencer Miller*, for appellees.

Mr. Justice PAXSON delivered the opinion of the court, March 3d
1879.

The important question to be decided upon this appeal is, whether

[Smith's Appeal.]

the execution by Mrs. Mary V. J. Smith, of the power of appointment given to her by the will of her father, Lewis Ryan, is transgressive of the rule against perpetuities, and therefore void.

Lewis Ryan died on the 23d of June 1850. By his will, executed on the 2d day of February 1848, he devised the residue of his estate to trustees, who were directed to divide and pay one-fourth of the income for life to each of his three living daughters, for their sole and separate use, "and from and immediately after the death of either of my said daughters, in trust, to pay, assign and set over, the principal sum on which such daughter so dying, was entitled to receive the income or interest, to such person or persons and for such uses, interests and purposes, as such daughter by any last will and testament or instrument of writing, in the nature of a last will and testament, notwithstanding her coverture, may direct, limit and appoint to receive the same; and for want of any such last will and testament, then to pay the said principal sum to the child or children of such daughter in equal shares or proportions; but if either of my said daughters shall die without leaving issue, and without any last will or testament, then it is my will and desire, that the share or portion of such daughter shall be continued under the same trusts as are hereinbefore provided for the use and benefit of my surviving children, in equal proportions, in the same manner as is hereinbefore directed as to the residue of my estate."

Mary V. J. Smith, one of the daughters of Mr. Ryan, died on the 2d day of April 1876. By her will, dated the 29th of March 1876, she gave all the residue of her estate, which she had derived from her husband, as well as the estate as to which she had a power of appointment under her father's will, to trustees to pay and divide the income among her sons and daughters then living for life, without liability for their debts, "and upon and after their several and respective deaths, to convey, assign and transfer the share of the principal of my residuary estate, producing the income of the one dying, to such person or persons and for such estates as he or she may, by will, have appointed, and in default of such appointment, to the person or persons that would take under him or her, if he or she had died intestate owning the same."

It was a fact conceded in the cause, that Mrs. Smith's donees were all living at the time of Mr. Ryan's death.

It was argued for the appellants, that if Mrs. Smith's children should execute the power of appointment given them under her will and should create a similar trust, the result would probably be to tie up the estate of Mr. Ryan and prevent its distribution for a period of one hundred and fifty years. We have nothing to do at present with what Mrs. Smith's donees may possibly do hereafter. If they should make a bad appointment the law will strike it down. Our concern is only with the execution by Mrs. Smith of the power under the will of her father.

[Smith's Appeal.]

" A perfect definition of a perpetuity," says Chief Justice GIB-SON, in Hilliard v. Miller, 10 Barr 334, "has not been given, and the nearest approach to it is found in Lewis on Perpetuities, ch. 12, where it is said to be a future limitation, whether executory or by way of remainder and of real or personal property, which is not to vest till after the expiration of, or which will not necessarily vest within the period prescribed by law for the creation of future estates, and which is not destructible by the person, for the time being entitled to the property subject to the future limitation, except with the concurrence of the person interested in the contingent event." In, analogy to the restriction imposed on the creation of contingent remainders, the law has fixed the limit to the creation of executory interests to commence within the period of a life or lives in being, and twenty-one years, allowing for the period of gestation. It matters not how many lives there may be so that the candles are all burning at the same time, for the life of the longest liver is but a single life. " But every executory estate which might, in any event, transgress this limit, will from its commencement be absolutely void:" Williams on Real Property 262. When a gift is infected with the vice of its possibly exceeding the prescribed limit, it is at once and altogether void both at law and in equity : Id. 263. Future estates limited upon a life-estate which are not sure to take effect within twenty-one years and the usual fraction, after the determination of the life estate, are void in their creation : Davenport v. Harris, 3 Grant 164. The validity of a devise is to be tested by possible and not by actual events ; Jarmon on Wills 233.

It remains to apply these well-settled rules to the facts of this case. For this purpose the will of Mr. Ryan and the appointment of Mrs. Smith under it must be regarded as one instrument. The appointment cannot carry the estate beyond the period when by law the original testator could have limited it. The obvious test of the validity of the execution of the power is to write that portion of Mrs. Smith's will into the will of Lewis Ryan. We would then have a gift to Mrs. Smith for life, then to her sons and daughters for life, remainder to their appointees. Under the authorities this would clearly be a bad gift, for the reason that it includes children born after the death of Mr. Ryan. It is not a sufficient answer to this to say that in point of fact there were no such after-born children, and that all of Mrs. Smith's donees were in esse when Mr. Ryan died. There might have been after-born children, and because of this possibility the law strikes down the appointment as being within the rule prohibiting perpetuities. Had the gift been to her sons and daughters eo nomine the case might have been different: Slack v. Dakyns, Law Rep. 15 Eq. 307 ; Phipson v. Turner, 1 Simons 227. This could have been done by Mr. Ryan in his will, for the parties were all living when he died.

The appointment by Mrs. Smith under the power contained in

[Smith's Appeal.]

her father's will being, for the reasons stated, wholly void, it follows that her share of his estate must be distributed under that clause in his will which provides that for want of a last will and testament on the part of either of his daughters, her share of said principal sum shall be paid "to the child or children of such daughter, in equal shares or proportions."

The decree, so far as it relates to the share of Mary V. J. Smith, is reversed at the costs of the appellees, and it is ordered that the record be remitted to the Orphans' Court, with directions to make distribution in accordance with the principles indicated in this opinion.