# Davidson's Estate.

*Wills—Trusts and trustees—Life estate—Income—Vested estate —Interest—Income accruing before death of life tenant—Counsel fees, apportionment of.*

1. Interest on money is apportionable because presumed to accrue from day to day, regardless of whether payable quarterly, semi-annually or at other fixed periods.

2. Where a gift of income is vested in a legatee for life, income which has accrued during the lifetime of such legatee, although not collected until after her death, is payable to her representatives and not to the remainderman.

3. In such case, the fact that the will directs that the trustee shall account to the cestui que trust every three months does not affect the interest given.

4. An attorney's fee for collecting a claim due to a decedent's estate left in trust for life tenants and remaindermen, is properly apportionable between principal and income, where unusual and extraordinary expenses have been necessarily incurred.

Argued September 27, 1926. Before FRAZER, WALL-ING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 119 and 120, March T., 1926, by Clayton T. Davidson, personally and as surviving executor, etc., from decree of O. C. Fayette Co., June T., 1925, No. 38, dismissing exceptions to adjudication, in estate of John H. Davidson, deceased. Affirmed.

Exceptions to adjudication of WORK, P. J. Before DAWSON, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Clayton T. Davidson, personally and as surviving executor and trustee, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Dean D. Sturgis,* of *Sturgis & Sturgis,* with him *Sterling, Higbee & Matthews,* for appellants.—The gifts to Mary E. Davidson were contingent on her being alive and unmarried at the time the division in which she is to share is made: Hancock's App., 112 Pa. 532; Bruckman's Est., 195 Pa. 363; Moore v. Smith, 9 Watts 403; Rosengarten v. Ashton, 228 Pa. 389; Alburger's Est. (No. 2), 274 Pa. 15; Maxwell's Est., 261 Pa. 140.

Attorney's fee for collection of note was not chargeable against principal: Butterbaugh's App., 98 Pa. 351; Crawford's Est., 62 Pa. Superior Ct. 329; Crawford's Est., 256 Pa. 504.

*J. K. Spurgeon,* for appellee.—The gift to the widow is a gift of four-ninths of the income for life, less necessary expenses and taxes.

The gift to the widow was a gift of four-ninths of the income "arising" from the trust fund, not four-ninths of the income actually received and paid in during any particular quarter: Yates's Est., 281 Pa. 178.

The gift to the widow is an absolute gift of a vested interest: Yates's Est., 281 Pa. 178; Rowland's Est., 141

Pa. 553; Maxwell's Est., 261 Pa. 140; Huddy's Est., 257 Pa. 528; Babcock's Est., 18 Pa. Dist. R. 453; Kemble's Est., 279 Pa. 368; Little's App., 81 Pa. 190. The income should be prorated to the date of death of the widow: Wertz's App., 65 Pa. 306.

Attorney's fees for collection is equitably apportionable between principal and income: Bosler's Est., 161 Pa. 457; Mylin's Est., 32 Pa. Superior Ct. 504; Lawrence's Est., 13 Pa. Dist. R. 257; Thouron's Est., 182 Pa. 126.

OPINION BY MR. JUSTICE FRAZER, November 22, 1926:

These two appeals raise the same questions and will be disposed of in one opinion.

John H. Davidson died in 1909, leaving a will in which he devised his residuary estate in trust to invest, with provision that "the dividends, rents, and interest arising from my said residuary estate, after paying the necessary expenses and taxes, shall every three months be divided into nine equal shares," four of which shares were devised to his wife, Mary E. Davidson, and four to his son, Clayton T. Davidson, with right of survivorship between them. Mary E. Davidson died in 1921. Included as part of the estate of John H. Davidson was a promissory note for $60,000, on which no interest had been paid from January, 1914, to December, 1923, at which latter date, as a result of legal proceedings, the whole of the principal and interest, amounting in all to $99,061.71, was collected.

The portion of the interest which accumulated before the death of Mary E. Davidson amounted to $24,677.04. Four-ninths of this amount, or $10,967.57, less proper expenses, was claimed by the administrator of Mrs. Davidson's Estate, and also by Clayton T. Davidson by reason of the gift over to him after the death of his mother, his contention being that while the interest accrued previous to his mother's death, it was not actually paid until after her death, and, accordingly, never be-

came a part of her estate.  The question thus arising is whether the failure to collect the accrued income before the death of Mrs. Davidson prevented it from vesting in her under the terms of her husband's will.

The gift of the income is clearly a vested interest.  It was a gift of the income "arising" from the trust fund, not of only such part of the income as might have been actually received or collected before her death.  It was payable "while she lives and remains my widow" and the mere fact that the will directed the executors to render a statement to each of the devisees every three months did not affect the interest given, but merely established a convenient time for the rendering of an account or statement and to avoid the inconvenience of possible demands made at more frequent or at irregular periods.  This case is an appropriate illustration of the injustice which would arise from the application of the opposite rule.  The income had not been collected for approximately seven years previous to the widow's death, and, in the meantime, had been permitted to accrue.  The failure to collect was not due to the default of the trustees, but to the insolvency or bankruptcy of one of the makers of the note.  This circumstance should not prevent the life tenant from receiving the benefit of her share of the income if it is, in fact, finally collected in full, especially where there is a clearly vested remainder.  The general rule is that interest on money is apportionable because presumed to accrue from day to day, regardless of whether payable quarterly, semi-annually or at other fixed periods: Wertz's App., 65 Pa. 306, 309; Wilson's App., 108 Pa. 344, 346.  We are of opinion the court below reached a proper conclusion in holding the interest was apportionable up to the death of the life tenant.

In affirming the conclusion of the court below we take this opportunity to approve the method adopted by that court in apportioning the amount paid for counsel fees in collecting the principal and interest of the note between

the life tenant and remaindermen in proportion to the total amount of principal and interest collected. While the income and not the principal is generally liable for the expense of administering the fund (Crawford's Est., 256 Pa. 504), yet this rule has an exception where unusual or extraordinary expenses are necessarily incurred, and although the will in this case expressly directs that the dividends should be paid "after deducting necessary expenses and taxes," it must be presumed that this had reference only to the usual expenses of administration and will not be construed as extending to a case like the present, where expensive legal proceedings were necessary not only to collect the interest but also to preserve the corpus of the estate from actual loss. The court below, consequently, properly divided the counsel fees. and expenses pro rata between the life tenants and remaindermen.

The decree of the court below is affirmed.