ESTATE OF MILDRED SHEPPARD LEGG, SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89942. Promulgated December 7, 1939.

*Edgar Allen Poe, Esq.,* for the petitioner.
*Arthur Carnduff, Esq.,* for the respondent.

OPINION.

Murdock: The petitioner makes two arguments in support of its contention that the value of the remainder interests should not be included in the gross estate of the decedent as property passing under a general power of appointment. Sec. 302 (f), Revenue Act of 1926. The first argument is that the attempted exercise of the power was partially void since it was in violation of the rule against perpetuities and, as a consequence, only the life estates actually passed under the attempted exercise of the power. The second argument is that the power granted to the decedent was a special and not a general power of appointment. The parties recognize that both of these questions must be decided under the laws of Pennsylvania. A. Maxwell Sheppard and William Sheppard resided in that state and all of the property in question was located there. The petitioner, in support of the first argument, points to the provision of the will of the decedent whereby the residue of her estate, including the funds in question, was to be held in trust during the life of her children and for twenty-one years thereafter. The argument is that she might have had children who were not living at the date of the death of her father and, therefore, the future estates which she created might not vest within a life or lives in being at the time of the death of her father and twenty-one years thereafter, not counting periods of gestation. She had only one child at the date of her death and that child was alive when A. Maxwell Sheppard died.

The rule against perpetuities in Pennsylvania has been stated as follows: "the limit * * * for the creation of executory interests to commence is 'within the period of a life or lives in being and twenty-one years, allowing for the period of gestation.'" *In re Warren's Estate*, 320 Pa. 112; 182 Atl. 396.[1] See also, *McArthur* v. *Scott*, 113 U. S. 340. The period during which the vesting of the future estate is postponed is measured from the date of the death of the donor who created the power by will and not from the time of the exercise of the power at the death of the donee. The Supreme Court of Pennsylvania held in 1936 that, in testing a given case under the rule, the actual facts, as they have happened, govern, rather than mere possibilities under the words of the will of the donee. *In re Warren's Estate, supra.* Thus, in the present case there would be no violation

---

[1] Counsel for the petitioner states that the opinion in the *Warren* case was the opinion of a judge of the Orphans' Court and was not an opinion of the Supreme Court of Pennsylvania. The opinion quoted in the report is indeed the opinion of Judge Stearne of the Orphans' Court of Philadelphia County, Pennsylvania. But the Supreme Court of Pennsylvania considered the case on appeal, affirmed it per curiam, and stated: "This case was correctly determined by the orphans' court sitting in banc, as will appear by that part of the opinion of Judge Stearne set forth in the reporter's notes." It thus seems clear that the Supreme Court adopted verbatim the opinion of Judge Stearne set forth in the reporter's notes from which the quotations appearing herein are taken.

of the rule against perpetuities, since the decedent postponed the vesting of the future estate only during the life of her daughter and twenty-one years thereafter, and the daughter was a life in being at the time of the death of A. Maxwell Sheppard, the donor of the power.

The petitioner points out that the *Warren* case was decided in 1936, whereas the decedent died in 1934, and contends that her exercise of the power would have been held to violate the rule against perpetuities under the law of Pennsylvania in 1934, citing *Smith's Appeal*, 88 Pa. 492, and *Cox* v. *Dickson*, 256 Pa. 510; 100 Atl. 947. This argument is sufficiently answered by the following quotation from the *Warren* decision:

> The learned justice [who wrote the opinion in the *Smith* case] then makes the test of remoteness as of the date of the death of the donor. He treats the appointment as if made by the donor himself and subjects it to the test * * * of "possible and not by actual events." This of course is not the generally accepted rule. All authorities are now in accord that the true test is to ascertain what in fact the donee of the power actually did, and if that does not transgress the rule the appointment is valid.
>
> * * * * * * *
>
> Judge Penrose of this court regarded *Smith's Estate* as overruled when he wrote the opinion, affirmed per curiam in *Boyd's Estate*, 199 Pa. 487, 49 A. 297. Certainly the affirmation by the Supreme Court of Judge Penrose's opinion in that case had the effect of overruling *Smith's Estate*, which unquestionably was an erroneous statement of the law, subsequently criticized not only by its author and by such an eminent textwriter as Gray, and not followed by either Judge Penrose or by the Supreme Court. In our opinion the decision in *Boyd's Estate*, taken in consideration with the facts, squarely settled any doubt as to the state of the law now prevailing.

The court then pointed out that the *Cox* case was one in which the exercise in fact violated the rule because the donee appointed a person who was not living at the time the donor died. The *Boyd* case was decided in 1901. Thus the petitioner is in error when it argues that the law of Pennsylvania in 1934 on this subject was different from what it was in 1936. The exercise of the power was not in violation of the rule against perpetuities under the law of Pennsylvania.

A power is general only in case it is exercisable in favor of any person whom the donee may select, including his creditors or his estate. *In re Miller's Trust*, 313 Pa. 18; 169 Atl. 362; *Fidelity-Philadelphia Trust Co.* v. *McCaughn*, 34 Fed. (2d) 600. The petitioner concedes that the language in the will of A. Maxwell Sheppard conferring the power of appointment upon his daughter, the decedent, is sufficient to create a general power of appointment under the law of Pennsylvania if it stood alone. The petitioner points, however, to that provision of the will in which Sheppard directed that the payments to be made to his wife and daughters were not to be anticipated, assigned, or encumbered in any way for debts which they might contract. It then argues that the donee could not have appointed to her

creditors or to her estate, since no part of the property could be applied to the payment of her debts, and, therefore, the power was a special rather than a general power.

The intention of the donor is controlling and that intention must be ascertained from his will considered as a whole and not from any part thereof standing alone. That will indicates an intention that the life tenants, the wife and daughters, were to have the entire income of the trust estate during their lives, free from any debt or power of anticipation or assignment, so that each daughter at the end of the life estate would have a power of appointment over one-third of the estate free and clear of encumbrances of all kinds. But the will gives no indication of an intention by Sheppard to protect the remainder interests further or to limit the powers of appointment given to his daughters, so that they could not, if they chose to do so by an effective exercise of their powers, provide for the payment of their debts after their death. Cf. *In re Miller's Trust, supra; In re Hall's Estate*, 248 Pa. 218; 93 Atl. 944. Creditors of a donee of a power of appointment exercisable by will alone can not at any time under the laws of Pennsylvania reach property subject to the power. Thus, the remainder interests were going to be free and clear of encumbrances arising out of debts of the life tenants at the time the powers were to be exercised, and Sheppard did not have to devise any restriction to accomplish that result. The petitioner's argument that Sheppard intended to have his grandchildren benefit from unencumbered trust estates is unimpressive in view of the fact that the daughters could have appointed in favor of others and could have left their children out entirely. It is our conclusion from a consideration of the entire will that the spendthrift provisions were intended to apply only to the payment of the income to the life tenants and were not intended to apply to the remainder interests over which the daughters were given powers of appointment. The very words of the restriction indicate the correctness of this conclusion. The testator said that "the payments to be made to my wife and children" shall not be subject to any charge for their debts. The payments to which he was referring were the payments of the income to them for life. The powers of appointment which he gave to the daughters are certainly not fittingly described as payments. It follows that the power of appointment of this decedent was a general power.

The other issue in the case is whether interest accrued on certain property of the estates at the date of the death of the decedent should be included as a part of the value of the estates in computing the value of the remainder interests subject to the power of appointment. The items in question consisted of bond interest which was not due at the time the decedent died. The Commissioner has attempted to de-

termine the value of the entire Sheppard estate as of the date of death of the decedent, and from this total has eliminated the value of the life estates of the two widows to arrive at the value of the remainder interest passing under the power. The Commissioner argues that his determination must stand, since the petitioner has not proven that the accrued interest was actually paid thereafter to the widows. Such proof was unimportant in view of the rule in Pennsylvania that interest accrues and vests from day to day so that the life tenant is entitled to all interest accrued during her life. *In re Davidson's Estate*, 287 Pa. 354; 135 Atl. 130. Thus, the accrued interest in question belonged to the widows and was no part of the Sheppard estates at the date of the death of the decedent. It could not serve in any way to give value to the remainder interest passing under the power of appointment and the Commissioner erred in using it in his computation.

*Decision will be entered under Rule 50.*