T.C. Memo. 1997-308

UNITED STATES TAX COURT

ALEJANDRINA DE AYCARDI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11922-95.                    Filed July 3, 1997.

Alejandrina De Aycardi, pro se.[1]

<u>Susan G. Lewis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies and additions to tax for 1987, 1988, and 1989 with respect to petitioner's Federal income taxes as follows:

_____

[1]    Petitioner was represented at the trial of this case by <u>Beatriz E. Meza</u>.  Ms. Meza was allowed to withdraw her appearance on behalf of petitioner on Nov. 13, 1996.

|       |            | Addition to Tax Sec. |
| Year  | Deficiency | 6651(a)(1) |
|-------|------------|------------|
| 1987  | $17,835    | $4,459     |
| 1988  | 21,529     | 5,382      |
| 1989  | 36,911     | 9,228      |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether certain income that petitioner received in 1988 and 1989 qualifies under section 871(h) as nontaxable interest on qualified "portfolio debt investments".

### FINDINGS OF FACT

Many of the facts have been stipulated and are so found.  At the time the petition was filed and during the years in issue, petitioner resided in Ocana, Colombia.

From 1937 to 1941, petitioner attended college in the United States and during those years petitioner obtained a U.S. Social Security number.  In 1941, petitioner returned to Colombia. Since 1941, petitioner has resided in Colombia.

In November of 1988, with assistance from a sister who resided in the United States, petitioner invested $1,015,489 in a mutual fund with respect to which petitioner received U.S. source interest and dividend income.

Petitioner did not file a Form W-8, Certificate of Foreign Status, that is normally required in order to qualify interest received by a nonresident of the United States for nontaxable treatment under section 871(h).

During 1988 and 1989, petitioner received $8,414 and $106,682, respectively, in dividend income with regard to the above $1,015,489 mutual fund investment. Because petitioner had provided her Social Security number to the mutual fund and because petitioner had not provided a Form W-8 to the mutual fund, the mutual fund treated petitioner as a U.S. resident and filed with respondent Forms 1099-INT and DIV reflecting the interest and dividend income paid to petitioner in 1988 and 1989.

For 1988 and 1989, petitioner did not file Federal income tax returns. For 1988 and 1989, respondent prepared substitute income tax returns on petitioner's behalf using information set forth in the Forms 1099-INT and DIV that were filed with respondent by the mutual fund.

On the substitute income tax returns, respondent treated petitioner as a U.S. resident and calculated the tax owed by petitioner based on tax rates applicable to U.S. residents. Respondent treated the interest and dividend income that petitioner received in 1988 and 1989 as taxable, and respondent used the standard 20-percent backup withholding rate in calculating petitioner's tax liability for each year. On brief, respondent concedes that the interest income that petitioner

received on her mutual fund investment qualifies as exempt from U.S. tax.

## OPINION

Generally, section 871(a)(1)(A) imposes a 30-percent withholding tax on certain income received by nonresident aliens from sources within the United States. Section 871(h), however, treats portfolio debt interest as nontaxable and not subject to the 30-percent withholding tax under section 871(a)(1)(A). Dividends received, however, are not eligible for this nontaxable treatment under section 871(h).

Exemptions, exclusions, and other provisions treating income as nontaxable occur as a matter of legislative grace and should remain strictly construed. Helvering v. Northwest Steel Rolling Mills, Inc., 311 U.S. 46, 49 (1940); Erie Endowment v. United States, 316 F.2d 151, 153 (3d Cir. 1963). A taxpayer is entitled to an exclusion only if there is clear provision for the favorable tax treatment. Templeton v. Commissioner, 719 F.2d 1408, 1411 (7th Cir. 1983), affg. James v. Commissioner, T.C. Memo. 1982-456.

Reasonable reliance on an agent may constitute a defense to penalties but not to the underlying tax liability. United States v. Boyle, 469 U.S. 241, 252 (1985).

Generally, taxpayers bear the burden of proving by a preponderance of the evidence that respondent's determinations

are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Respondent, however, bears the burden of proof with regard to new issues and increases in the deficiency.  Rule 142(a).  The question of what constitutes a new issue depends, among other things, on whether different evidence must be presented than that relating to the issues raised in the original notice of deficiency.  Achiro v. Commissioner, 77 T.C. 881 (1981).

Petitioner argues that the mutual fund misclassified her status as a U.S. resident for Federal income tax purposes and incorrectly invested her $1,015,489 in a mutual fund on which both interest and dividends were earned.  Petitioner argues that (due to this alleged misclassification and incorrect mutual fund into which her funds were invested) she received from the mutual fund dividend income of $8,414 and $106,682 in 1988 and 1989, respectively, instead of interest.  Petitioner emphasizes that had the dividends been received as interest, the interest would have been treated as nontaxable under section 871(h).  Petitioner therefore argues that the dividend income that she did receive should now be reclassified as interest and treated as nontaxable for Federal income tax purposes under section 871(h).

As explained, respondent concedes that the actual interest that petitioner received on her mutual fund investment qualifies as nontaxable under section 871(h).

Respondent now argues that the dividend income petitioner received on her mutual fund investment does not qualify as nontaxable interest under section 871(h), and -- because it has now been determined that petitioner was not a U.S. resident -- respondent argues that the dividend income of $8,414 and $106,682 that petitioner received should be treated as taxable U.S. source income to petitioner and subject to tax at the 30-percent withholding rate applicable to taxable U.S. source income of nonresident aliens.

Also, because respondent does not want to assert an increased deficiency and therefore shift the burden of proof under Rule 142(a), respondent -- on the dividend income -- asserts only the original tax deficiencies that were determined to be applicable thereto based on the tax rates applicable to U.S. residents (namely, the 20-percent backup withholding rate).

Respondent's taxation of petitioner on the dividend income as a nonresident alien but at the 20-percent U.S. backup withholding rate (so as to avoid increasing the tax deficiency attributable to the dividend income) does not constitute a new issue.  The assertion of a new theory which merely clarifies or develops the original determination without being inconsistent and without increasing the amount of the deficiency generally will not be treated as a new issue.  Achiro v. Commissioner, supra at 890.

As a nonresident of the Unites States, petitioner's dividend income received on the mutual fund investment is taxable under section 871(a)(1)(A) and normally would be taxed on the basis of the 30-percent withholding tax applicable to nonresident aliens. The dividend income that petitioner received does not qualify under section 871(h) as nontaxable U.S. source interest income received by a nonresident alien.

Generally, we treat facts as they happened, not how they could or might have happened in the ideal situation for a taxpayer. See Estate of Legg v. Commissioner, 40 B.T.A. 1074, 1076 (1939), revd. and remanded on another issue 114 F.2d 760 (4th Cir 1940). In 1988 and 1989, in regard to the amounts in controversy, petitioner received dividend income, not portfolio debt interest income that would have been nontaxable under section 871(h). Petitioner failed to file a Form W-8 to notify the withholding agent of her nonresident alien status, and petitioner has not presented evidence that proved either that the deficiency determinations were incorrect or that petitioner qualifies under section 871(h) for a tax exemption on her dividend income.

Petitioner's argument that she relied on the mutual fund to properly invest her $1,015,489 to ensure that she was not taxed on any income earned on her investment is not persuasive. Reasonable reliance on an agent may constitute a possible defense

to penalties but not to the underlying tax.  <u>United States v. Boyle</u>, 469 U.S. 241, 252 (1985).

We conclude that the dividend income petitioner received on her mutual fund investment does not qualify as nontaxable interest income under section 871(h).  For consistency with the rate of tax as applied in respondent's notice of deficiency, we -- at respondent's request -- sustain respondent's imposition of the 20-percent withholding tax rate on petitioner's dividend income.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.