*Decisions will be entered under Rule 50.*

REGAL, INCORPORATED, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3937–67. Filed November 17, 1969.

*Solomon L. Warhaftig,* for the petitioner.
*William F. Chapman,* for the respondent.

RAUM, *Judge:* The Commissioner determined a deficiency in the income tax of petitioner for the taxable year ended January 31, 1965, in the amount of $64,347.39. At issue is whether petitioner and its subsidiaries were required to file a consolidated Federal income tax return for their taxable year ended January 31, 1965, solely because they elected to file a consolidated Federal income tax return for the previous taxable year. Whether they were required to do so depends upon the validity of section 1.1502–11A⁻(a) of the regulations, in effect during the years here in issue, which provide that once a consolidated return is filed, the taxpayer must continue to file such a return until the Commissioner grants permission to change or unless other specified conditions are met. The facts are stipulated.

Petitioner Regal, Inc. (Regal), is a corporation organized under the laws of the State of Delaware. Its principal office at the time the petition in this case was filed was located at 11 Stanley Street, New Britain, Conn. It filed its separate Federal income tax return for the fiscal year ended January 31, 1965, with the district director of internal revenue for the district of Connecticut.

During the fiscal years ended January 31, 1964 and 1965, petitioner was the common parent corporation of a group of 19 wholly owned subsidiary corporations. Petitioner and its 19 subsidiaries filed a consolidated Federal income tax return for the fiscal year ended January 31, 1964. However, for the fiscal year ended January 31, 1965, petitioner's 19 subsidiary corporations filed separate tax returns.

Section 1501, I.R.C. 1954, which grants the privilege of making consolidated returns, provides:

SEC. 1501. PRIVILEGE TO FILE CONSOLIDATED RETURNS.

An affiliated group of corporations shall, subject to the provisions of this chapter, have the privilege of making a consolidated return with respect to the income tax imposed by chapter 1 for the taxable year in lieu of separate returns. The making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under section 1502 prior to the last day prescribed by law for the filing of such return. The making of a consolidated return shall be considered as such consent. In the case of a corporation which is a member of the affiliated group for a fractional part of the year, the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group.

Section 1502, I.R.C. 1954, specifically gives the Secretary or his delegate the authority to prescribe regulations with respect to the making of consolidated returns. That section states:

SEC. 1502. REGULATIONS.

The Secretary or his delegate shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be returned, determined, computed, assessed, collected, and adjusted, in such manner as clearly to reflect the income-tax liability and the various factors necessary for the determination of such liability, and in order to prevent avoidance of such tax liability.

Pursuant to section 1502 the Commissioner promulgated regulations section 1.1502–11A (a).[1] These regulations provide, in part, that if an affiliated group elects to make a consolidated return for any taxable year, as did Regal for its taxable year 1964, a consolidated return must be made for each subsequent taxable year during which the affiliated group remains in existence, unless (1) a new, independently organized corporation becomes a member of the consolidated group, or (2) there has been a change in the law or regulations of such character as to make the continued filing of consolidated returns substantially less advantageous to affiliated groups as a class, or (3) "the Commissioner, prior to the time of making the return, upon application made by the common parent corporation and for good cause shown, grants permission to change." There is no contention that either of the first two conditions have been satisfied, nor is there any suggestion that any application for permission to change was ever filed in accordance with the third alternative. Indeed, petitioner concedes that it did not comply with the regulations. Its position is simply that the regulation is invalid because Congress intended in section 1501 to allow a year-by-year election to file a consolidated return.

We note at the outset the well-settled principle that "Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with the administration of these statutes which should not be overruled except for weighty reasons." *Commissioner* v. *South Texas Co.*, 333 U.S. 496, 501. See also *Bingler* v. *John-*

---

[1] Sec. 1.1502–11A. Consolidated returns for subsequent years.

(a) *Consolidated returns required for subsequent years.* If a consolidated return is made under section 1502 for any taxable year, a consolidated return must be made for each subsequent taxable year during which the affiliated group remains in existence unless (1) a corporation (other than a corporation created or organized, directly or indirectly, by a member of the group) has become a member of the group during such subsequent taxable year, or (2) subsequent to the exercise of the election to make consolidated returns, subtitle A of the Code to the extent applicable to corporations, or the regulations under section 1502 which have been consented to, have been amended and any such amendment is of a character which makes substantially less advantageous to affiliated groups as a class the continued filing of consolidated returns, regardless of the effective date of such amendment, or (3) the Commissioner, prior to the time of making the return, upon application made by the common parent corporation and for good cause shown, grants permission to change. For the purpose of subparagraph (2) of this paragraph, the expiration of a provision shall be considered as an amendment to the Code made on the date of such expiration.

*son,* 394 U.S. 741, 749–750; *Fawcus Machine Co.* v. *United States,* 282 U.S. 375, 378; *Boske* v. *Comingore,* 177 U.S. 459, 470; *Brewster* v. *Gage,* 280 U.S. 327, 336; *Textile Mills Corp.* v. *Commissioner,* 314 U.S. 326, 336–339; *Colgate Co.* v. *United States,* 320 U.S. 422, 426; *William F. Sanford,* 50 T.C. 823, 832, affirmed 412 F. 2d 201 (C.A. 2), certiorari denied 396 U.S. 841. Here, the Secretary or his delegate had authority to promulgate regulations with respect to the making of a consolidated return, not only under the general rule-making power granted in section 7805, I.R.C. 1954, but also under the specific provisions of section 1502. This gives "added reasons why interpretations of the Act and regulations under it should not be overruled by the courts unless clearly contrary to the will of Congress," *Commissioner* v. *South Texas Co.,* 333 U.S. 496, 503, particularly, where, as here, the consolidated return regulations, "unlike ordinary Treasury Regulations, are legislative in character and have the force and effect of law." *Union Electric Co. of Missouri* v. *United States,* 305 F. 2d 850, 854 (Ct. Cl.).

In arguing that the Commissioner's regulations are invalid, petitioner points first to the language of section 1501 which provides for the privilege of making "*a* consolidated return" for "*the* taxable year in lieu of separate returns." (Emphasis supplied.) It argues that this language is clear and unambiguous in permitting a year-by-year election to make a consolidated return. We disagree. This section merely provides for the privilege of making a consolidated return and does not determine the consequences of exercising this privilege. Moreover, contrary to petitioner's view, the legislative history of the consolidated return provisions strongly supports the Government's position.

Provisions for the permissive filing of consolidated returns first appeared in our tax laws in the Revenue Act of 1921, ch. 136, 42 Stat. 227.[2] Section 240(a) of that Act, as well as section 240(a) of the Revenue Acts of 1924 and 1926 (ch. 234, 43 Stat. 253; ch. 27, 44 Stat. 9), granted affiliated corporations the privilege of filing consolidated returns, but provided further that "all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner." Meanwhile, during the consideration of the proposed revision of the revenue law which ultimately became the Revenue Act of 1928, ch. 852, 45 Stat. 791, Congress became aware of a wide range of problems and potential abuses which had emerged

---

[2] Consolidated returns, applicable only to excess profits taxes, were filed under the Revenue Act of 1917, ch. 63, 40 Stat. 300, pursuant to regulations which had been issued without statutory authorization, but which were validated retroactively by sec. 1331 of the Revenue Act of 1921. These provisions were held constitutional. *Trustees for Ohio & Big Sandy Coal Co.* v. *Commissioner,* 43 F. 2d 782, 785 (C.A. 4); *National Candy Co.* v. *United States,* 67 Ct. Cl. 74, certiorari denied 280 U.S. 582.

Under sec. 240 of the Revenue Act of 1918, ch. 18, 40 Stat. 1057, consolidated returns were mandatory, both for income and excess profits taxes.

in the administration and interpretation of the consolidated return provisions. Many of the difficulties were set forth in the Report of the Joint Committee on Internal Revenue Taxation, Nov. 15, 1927, vol. I, pp. 63–66. The Joint Committee recommended the abolition of the consolidated return, and instead proposed simply that the operating loss of any member of an affiliated group (as defined in the proposal) could be offset against the net income of one or more members of the group. Report of the Joint Committee, *supra* at 66.

The Joint Committee proposal was rejected by both the House and the Senate, and new provisions relating to the problem were formulated by the Senate Finance Committee. It recommended retention of consolidated returns, but it coupled such retention with provisions authorizing the Commissioner to promulgate special regulations that would deal with the many problems raised by the Joint Committee, stating (S. Rept. No. 960, 70th Cong., 1st Sess., p. 15):

> Many difficult and complicated problems, however, have arisen in the administration of the provisions permitting the filing of consolidated returns. * * * The committee believes it to be impracticable to attempt by legislation to prescribe the various detailed and complicated rules necessary to meet the many differing and complicated situations. Accordingly, it has found it necessary to delegate power to the Commissioner to prescribe regulations legislative in character covering them. * * *

It listed certain specific rulings as being *"Among* the regulations which it is expected that the commissioner will prescribe." (Emphasis supplied.) These, however, did not include any reference to the subject of continued filing. The Senate Finance Committee proposed that the new provisions be made applicable to 1929 and subsequent years, and that other provisions which largely followed preexisting law be made applicable to 1928. These recommendations were ultimately accepted by the Congress. The provisions relating to 1928, which did not contain the special authority to promulgate regulations and which continued the specific condition relating to continued filing, were contained in section 142 of the 1928 Act. The new provisions, relating to 1929 and later years, were enacted in section 141, which provided:

SEC. 141. CONSOLIDATED RETURNS OF CORPORATIONS—1929 AND SUBSEQUENT TAXABLE YEARS.

(a) Privilege to file consolidated returns.—An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year 1929 or any subsequent taxable year, in lieu of separate returns. The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) prescribed prior to the making of such return; and the making of a consolidated return shall be considered as such consent. In the case of a corporation which is a member of the

affiliated group for a fractional part of the year the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group.

(b) Regulations.—The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of an affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be determined, computed, assessed, collected, and adjusted in such manner as clearly to reflect the income and to prevent avoidance of tax liability.

To the extent that they are involved herein, these provisions have remained substantially the same in the various subsequent revisions of our revenue laws,[3] and sections 1501 and 1502 of the 1954 Code, involved herein, correspond with section 141(a) and (b), respectively, of the 1928 Act.

Nothing in the legislative history of section 141 of the 1928 Act suggests that Congress was in any way desirous of eliminating the continued filing requirement. To the contrary, Congress was obviously concerned with potential abuses and the possibility that income might not be clearly reflected through the use of consolidated returns, and it sought to meet the overall problem by giving the Commissioner comprehensive authority to deal with the matter in all its aspects through regulations. But there is always a very real possibility that when there is a shifting back and forth between consolidated returns and separate returns there may be gaps or overlaps that would produce distortions in income. Accordingly, it seems hardly likely that Congress, in granting the Commissioner power to prevent distortions generally, intended to limit that power so as to prevent him from controlling shifts from consolidated returns back to separate returns. The more reasonable explanation of the elimination of the specific continued filing requirement from the statute is that the matter would be one of the many that would be left up to the discretion of the Commissioner in his promulgation of comprehensive regulations. And this indeed was the contemporary understanding, for shortly after the enactment of the 1928 Act, Regulations 75, dealing exclusively with consolidated returns, were promulgated on January 3, 1929, and article 11(a) thereof set forth the basic requirement that if a consolidated return is filed for any year a consolidated return must similarly be filed for all subsequent years unless certain conditions (comparable to those in section 1.1502–11A of the regulations

---

[3] See sec. 141(a) and (b) of Revenue Acts of 1932, 1934, 1936, 1938, and the Internal Revenue Code of 1939. From 1934 to 1942 permission to file consolidated returns was limited to railroad corporations, but by sec. 159(a) of the Revenue Act of 1942, that limitation in sec. 141 of the 1939 Code was eliminated. Finally, the provisions, with certain changes not relevant here, were carried over into secs. 1501 and 1502 of the 1954 Code.

here involved, fn. 1 *supra*) are satisfied.[4] Similar provisions appeared subsequently in article 11(a) of Regulation 78 (under the 1932 Act), in article 11(a) of Regulations 89 (under the 1934 Act), in article 11(a) of Regulations 97 (under the 1936 Act), in article 11(a) of Regulations 102 (under the 1938 Act), in section 23.11(a) of Regulations 104 (under the Internal Revenue Code of 1939),[5] in section 24.11 of Regulations 129 (under the Internal Revenue Code of 1939 in respect of years after 1949), and finally in sec. 1.1502-11A of the regulations promulgated under the 1954 Code, the validity of which is here under attack.

We reject petitioner's rather ingenious argument that Congress dispensed with the continued filing requirement for 1929 and subsequent years since it became unnecessary in view of the fact that the Commissioner was given the power "to prescribe such regulations as would ensure the clear reflection of income and would prevent tax avoidance upon a change from consolidated to separate returns." In support of this position, petitioner points to various specific provisions in the regulations dealing with such matters as basis, inventory, and the like, which were obviously intended to prevent avoidance or otherwise clearly to reflect income. However, we think it hardly likely that Congress, in its concern about avoidance and the clear reflection of income, intended to limit the Commissioner in his choice of remedies merely because there might be a possible overlap. And this is particularly true since the continued filing requirement would enable the Commissioner, through his power to deny permission for change to separate filing, to retain control over a wider range of possible abuses than might theretofore have been foreseen in the more specific provisions of the regulations. Certainly, we should be very slow to say that Congress intended to deny him that power when it granted him such broad authority to promulgate comprehensive regulations dealing with the general problem.

If there should be any lingering doubt as to the authority of the Commissioner under the 1954 Code to issue the regulation here under attack, such doubt is dispelled by a study of the legislative history of the 1954 Code itself.

---

[4] Regs. 75, art. 11(a), provided:

ART. 11.—Consolidated Returns for Subsequent Years.

(a) *Consolidated Returns Required for Subsequent Years.*

If a consolidated return is made for the taxable year 1929 or any taxable year thereafter, a consolidated return must be made for each subsequent taxable year during which the affiliated group remains in existence unless (1) a corporation (other than a corporation created or organized, directly or indirectly, by a member of the affiliated group) has become a member of the group during such subsequent taxable year, or (2) one or more provisions of these regulations, which have previously been consented to, have been amended, or (3) the Commissioner, prior to the time of filing the return, upon application made by the parent corporation and for good cause shown, grants permission to change.

[5] See also sec. 33.11(a), Regs. 110.

When the bill which became the 1954 Code was in the House, the Ways and Means Committee recommended the insertion of the entire consolidated return regulations into the Code. It stated in part (H. Rept. No. 1337, 83d Cong., 2d Sess., p. 87) :

A. *Inserting the consolidated return regulations into the code* (*secs. 1501–1718*)

Since the Revenue Act of 1928, the law has provided that the Secretary is to prescribe regulations, legislative in character, giving detailed rules for the filing of a consolidated return by an affiliated group of corporations. *Since these regulations have been generally accepted and have become stabilized, your committee has inserted them into the law,* changing them only to the extent necessary to reflect other changes your committee has made elsewhere in the code.

   *      *      *      *      *      *      *

C. *Election to file consolidated returns* (*sec. 1505*)

Under both present law and your committee's bill, once the members of an affiliated group of corporations have joined in filing a consolidated return they are required to continue to do so for subsequent years * * *.

[Emphasis supplied.]

The matter was further clarified in the "Detailed Discussion of the Technical Provisions of the Bill" in the foregoing report of the Ways and Means Committee. At pages A297 and A298, after pointing out that the proposed section 1505 was "substantially similar to section 24.11 of Regulations 129 [under the 1939 Code]," the committee in the course of its discussion of one aspect of the section stated as follows :

The principle reflected here is a reflection of the view of your committee that the election to file returns upon a consolidated basis is a long-term decision. Unless the law is changed, the affiliated group which elects to file a consolidated return in one year is expected to continue to file such a return for all later years. * * *

The codified provisions as recommended by the committee were passed by the House.

To be sure, the Senate rejected the attempt of the House to incorporate the consolidated returns regulations into the statute, but it did so only because it believed that "desirable flexibility would be lost if this pattern were followed." S. Rept. No. 1622, 83d Cong., 2d Sess., p. 460. The Senate's rejection of the House proposal was in no way intended as a rejection of the consolidated return regulations then extant. This is apparent from the Senate report, *supra* at p. 120 :

Under the House bill, the consolidated return regulations were inserted in the statute. While your committee recognizes that these regulations have been generally accepted, your committee believes that it is more appropriate to have these detailed rules in the form of regulations rather than in the statute. In this form they may be readily amended without necessary congressional action.

The House accepted the Senate's view (Conf. Rept. No. 2543, 83d Cong., 2d Sess., p. 73) and sections 1501 and 1502 of the 1954 Code were enacted.

Further confirmation of the understanding of Congress as to the continued filing requirement appears during its consideration of the bill which became the Revenue Act of 1962. In view of the substantive changes in the law wrought by that Act, the committees of both houses addressed themselves to the question whether such changes were of sufficient consequence to call for a new election to file separate returns. Thus, the Senate Finance Committee stated (S. Rept. No. 1881, 87th Cong., 2d Sess., p. 134):

The Internal Revenue Code leaves to regulations issued by the Treasury Department requirements as to the filing of consolidated returns by an affiliated group and the requirements for changing from a consolidated return to separate returns. Generally it has been held that a consolidated return once filed must be continued in subsequent years unless there is a significant change in the tax laws. Your committee agrees with the House that enactment of this bill constitutes a significant change in the tax laws and that a new election to file separate returns where a consolidated return has previously been filed should be available for the first taxable year ending after the date of enactment of this bill.

See also H. Rept. No. 1447, 87th Cong., 2d Sess., p. 96.

Petitioner has filed an able brief in which it earnestly urges that the regulations are invalid. We have considered its arguments carefully but are of the opinion that the regulations accurately reflect the clearly expressed will of Congress, and that in any event this case is one that peculiarly calls for the application of the familiar and well-settled principle, recently restated in *United States* v. *Correll*, 389 U.S. 299, 305–306, to the effect that:

"Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law." *Helvering* v. *Winmill*, 305 U.S. 79, 83; *Fribourg Nav. Co.* v. *Commissioner*, 383 U.S. 272, 283.

*Decision will be entered for the respondent.*