**REGAL, INCORPORATED, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 67, Docket 34579.**

United States Court of Appeals, Second Circuit.

Argued Oct. 27, 1970.

Decided Nov. 17, 1970.

S. L. Warhaftig, New York City (Kaye, Scholer, Fierman, Hays & Handler, New York City and Saul Duff Kronovet, New York City, of counsel), for petitioner-appellant.

Richard W. Perkins, Atty., Department of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attys., Department of Justice, Washington, D. C., of counsel), for respondent-appellee.

Before MOORE, FRIENDLY and ADAMS,* Circuit Judges.

PER CURIAM

The issues here presented are succinctly stated by the Tax Court as follows:

"The Commissioner determined a deficiency in the income tax of petitioner for the taxable year ended January 31, 1965 in the amount of $64,347.39. At issue is whether petitioner and its subsidiaries were required to file a consolidated Federal income tax return for their taxable year ended January 31, 1965 solely because they elected to file a consolidated Federal income tax return for the previous taxable year."

Appellant Regal, Inc. claims that Treasury Regulation 1.1502–11A is invalid.[1] This regulation provides, with appropriate exceptions that once an affiliated group of corporations elects to file a consolidated return, such group must continue to file on a consolidated basis until permission of the Commissioner of Internal Revenue be obtained to make a change. We affirm the deci-

---

* Of the Third Circuit, sitting by designation.

1. This regulation was formerly numbered 1.1502–11 and was reumbered 1.1502–11A

by T.D. 6894, approved September 2, 1966. For taxable years beginning after December 31, 1965, the regulation is inapplicable, and is replaced by Treasury Regulation 1.1502–75(c).

sion of the Tax Court upon the facts and for the reasons stated by Judge Raum in his opinion below, 53 T.C. 261 filed November 17, 1969.