**ORGILL BROTHERS & CO.** (formerly Orgill Brothers and Company), Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. No. C–71–465.

United States District Court, W. D. Tennessee, W. D.

March 1, 1974.

---

5. Davis, of course, disputes that the work was improperly done.

**126**

Hubert A. McBride, Memphis, Tenn., for plaintiff.

Scott P. Crampton, Asst. Atty. Gen., Tax. Div., Dept. of Justice, Washington, D. C., Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., for defendant.

## MEMORANDUM OPINION AND JUDGMENT

McRAE, District Judge.

This is an action under 28 U.S.C. § 1346(a) whereby the plaintiff corporation seeks recovery of $10,538.66 of the federal corporate income tax it paid for the year 1965. The disputed sum is equal to the additional tax plaintiff was required to pay because the Internal Revenue Service refused to allow it and its subsidiary corporations to file separate returns in 1965. Plaintiff and its subsidiaries elected to file and did file a consolidated return in 1964 and attempted to file separate returns in the following year. The facts of the case are undisputed and both parties have moved for summary judgment.

At issue is Treas.Reg. § 1.1502–11A(a)[1] which provides that a corporate group which filed a consolidated return for the immediately preceding taxable year is required to file a consolidated return for the current year unless it falls within certain exceptions not applicable here. Plaintiff insists that this regulation is invalid because it contradicts the provision of the Int.Rev. Code of 1954, § 1501 (26 U.S.C.), which grants the privilege of making consolidated returns. The statute, says the plaintiff, provides for a yearly election of consolidation by the taxpayer corporation and its subsidiaries.

The relevant portions of § 1501 provide that:

"An affiliated group of corporations shall, *subject to the provisions of this chapter,* have the privilege of making *a* consolidated return with respect to *the* income tax imposed by chapter 1 for *the* taxable year in lieu of separate returns. The making of *a* consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group *consent to all the consolidated return regulations prescribed under section 1502* prior to the last day prescribed by law for the filing of such return. . . ." (Emphasis added).

Section 1502, a companion statute, specifically gives the Secretary of the Treasury or his delegate the authority to prescribe regulations with respect to the making of consolidated returns:

" . . . in order that the tax liability of any affiliated group . . . may be . . . determined . . . in such manner as clearly to reflect the income-tax liability and the various factors necessary for the determination of such liability, and in order to prevent avoidance of such tax liability."

---

1. This regulation was modified, in a manner not here relevant, and reissued, effective in 1965, as Treas.Reg. § 1.1502–75(a) and (c).

Plaintiff, Orgill Brothers and Co., argues that the express words of § 1501 indicate Congress' intent to provide corporate taxpayers with an annual election. This contention is based on the reference in the section to the privilege of making a consolidated return "for *the* taxable year." (Emphasis added). It is further contended by the plaintiff that the legislative history of the consolidated return provisions supports this interpretation.

This question was decided by the Court of Appeals for the Second Circuit in Regal, Inc. v. Commissioner, 435 F.2d 922 (1970), affirming 53 T.C. 261. In that case the Court upheld the validity of Treas.Reg. § 1.1502–11A(a), finding it consistent both with express language of Int.Rev.Code of 1954, § 1501 and the legislative history. In the opinion of the Tax Court, which was adopted by the Second Circuit Court of Appeals, Judge Raum refuted the contention of the plaintiff in that case that reference in § 1501 to "the taxable year" permitted year-by-year elections. He stated:

"This section merely provides for the privilege of making a consolidated return and does not determine the consequences of exercising this privilege." 53 T.C. at 264.

Judge Raum's interpretation is supported by two qualifying phrases in § 1501 which modify the "privilege". The first phrase makes the privilege "subject to the provisions of this chapter," and the second conditions the privilege upon all members of the affiliated group consenting "to all the consolidated return regulations prescribed under section 1502 . . . ."

This still leaves open the question whether the regulation was within the scope of the delegation in § 1502. For an answer to this we must look to the legislative history of the two sections.

This Court notes at the outset, following the advice of Judge Raum, that "Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes."

53 T.C. at 263, quoting Commissioner v. South Texas Company, 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948). This is particularly true when such regulations are specifically authorized by the statute since "unlike ordinary Treasury Regulations" they "are legislative in character and have the force and effect of law." 53 T.C. 264, quoting Union Electric Co. of Missouri v. United States, 305 F.2d 850, 854, 158 Ct.Cl. 479 (1962). Such an authorization as provided in § 1502 gives "added reasons why interpretations of the act and regulations under it should not be overruled by the courts unless clearly contrary to the will of Congress." 53 T.C. at 264, quoting Commissioner v. South Texas Co., supra, at 503.

This Court is of the opinion that H. Wetter Mfg. Co. v. United States, 458 F.2d 1033 (C.A.6 1972), is distinguishable in two respects. First, the wording of § 1501 does not clearly state the meaning contended by the plaintiff, namely, that the taxpayer may elect to file consolidated or separate returns on an annual basis. Second, § 1502 is an enabling act which grants the Commissioner specific authority to adopt regulations pertaining to consolidated returns. While this would not authorize the Commissioner to adopt regulations which are contrary to the clear language of the statute, these regulations are in a different category from others promulgated by the Commissioner.

Central to the plaintiff's case is the fact that the original provision in the tax laws relating to consolidated returns specifically conditioned the privilege by providing that "all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner." Revenue Act of 1921, ch. 136, § 240(a). This provision was continued until the Revenue Act of 1928, ch. 852, 45 Stat. 791, which provided in § 141 that in 1929 and subsequent taxable years the privilege was limited solely upon members of the taxable group consenting to the consolidated return regulations.

Plaintiff contends that Congress intended, by this change, to eliminate the binding election.

This intent is not revealed in the legislative history. On the contrary, most of the legislative discussion at the time of the 1928 Revenue bill's enactment seemed to center on whether the consolidated return should be eliminated altogether. Report of the Joint Committee on Internal Revenue Taxation, Nov. 15, 1927, Vol. I, pp. 63–66.

During the period of consideration of the 1928 Revenue Act there appeared in the report of the Senate Finance Committee (S.Rept.No. 960, 70th Cong., 1st Sess., p. 15) this statement:

"Many difficult and complicated problems, however, have arisen in the administration of the provisions permitting the filing of consolidated returns. . . . The committee believes it to be impracticable to attempt by legislation to prescribe the various detailed and complicated rules necessary to meet the many different and complicated situations. Accordingly, it has found it necessary to delegate power to the Commissioner to prescribe regulations legislative in character covering them."

The Commissioner used his power to reestablish the requirement that if a consolidated return is filed in one year it must be similarly filed in subsequent years unless certain conditions are met. Regs. 75, art. 11(a). Later amendments in the regulations did not change the substance of this requirement and it remained substantially the same in Treas. Reg. § 1.1502–11A, the regulation effective in 1964, and in Treas.Reg. § 1.1502–75(a) and (c), the regulation effective from 1965 until the present.

An attempt was made by the Ways and Means Committee of the House to incorporate this and other regulations into the Int.Rev.Code of 1954, H.Rept. No. 1337, 83rd Cong., 2d Sess., p. 87, 3 U.S.Code Cong. & Admin. News (1954) 4017, 4433–4440, but the logic of the 1928 Revenue Act prevailed and the former consolidation sections were substantially reenacted in §§ 1501 and 1502 of the 1954 Code. An explanation appears in S.Rept. No. 1622, 83rd Cong., 2d Sess., p. 120; 3 U.S.Code Cong. & Admin.News (1954) 4621, 4753:

"Under the House bill, the consolidated return regulations were inserted in the statute. While your committee recognizes that these regulations have been generally accepted, your committee believes that it is more appropriate to have these detailed rules in the form of regulations rather than in the statute. In this form they may be readily amended without necessary congressional action."

A more complete discussion of the legislative history of §§ 1501 and 1502 and the implementing regulations appears in Judge Raum's opinion in Regal, Inc. v. Commissioner, supra, but the above passages from the Congressional history are enough to refute the plaintiff's contention that the original intent of Congress was to create an annual election to file consolidated returns by corporate taxpayers and their subsidiaries. Even if there is some doubt remaining about the 1928 Act it has certainly been resolved over time. As the Supreme Court has stated:

"Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law." United States v. Correll, 389 U.S. 299, 305–306, 88 S.Ct. 445, 449, 19 L.Ed.2d 537.

Most importantly, the regulation at issue is consistent with the stated policy of § 1502 "clearly to reflect the income-tax liability" of the taxpayers and "to prevent avoidance of such tax liability."

It is, therefore, ordered that the plaintiff's Motion for Summary Judgment be denied and that the defendant's Motion for Summary Judgment is granted.