ORGILL BROTHERS & COMPANY, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 74–1676.

United States Court of Appeals, Sixth Circuit.

Jan. 23, 1975.

Hubert A. McBride, Joseph B. Walker, William H. Thomas, Jr., Memphis, Tenn., for plaintiff-appellant.

Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., Scott P. Crampton, Asst. Atty. Gen., Ernest J. Brown, Richard Roberts, Gilbert Andrews, Ann Durney, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before CELEBREZZE, and McCREE, Circuit Judges, and DeMASCIO *, District Judge.

PER CURIAM.

This is an appeal from an order granting a motion for summary judgment made by the United States in a suit brought by a corporate taxpayer for a refund of federal income taxes.

In 1964, appellant, a corporate taxpayer having several subsidiaries filed a consolidated income tax return with them in accordance with the provisions of section 1501 of the Internal Revenue Code of 1954, 26 U.S.C. § 1501. This section provides in relevant part:

An affiliated group of corporations shall, subject to the provisions of this chapter, have the privilege of making a consolidated return with respect to the income tax imposed by chapter 1 for the taxable year in lieu of separate returns. The making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under section 1502 prior to the last day prescribed by law for the filing of such return. The making of a consolidated return shall be considered as such consent. . . .

Section 1502 of the Code, in turn, provides:

The Secretary or his delegate shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be returned, determined, computed, assessed, collected, and adjusted, in such manner as clearly to reflect the income-tax liability and the various factors necessary for the determination of such liability, and in order to prevent avoidance of such tax liability.

One of the regulations issued under the authority of section 1502, Treas.Reg. 1.1502–11A(a),[1] provides, *inter alia,* that a

---

* The Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Treas.Reg. § 1.1502–11A provides:
    (a) *Consolidated returns required for subsequent years.* If a consolidated return is made under section 1502 for any taxable year, a consolidated return must be made for each subsequent taxable year during which the affiliated group remains in existence unless (1) a corporation (other than a corporation created or organized, directly or indirectly, by a member of the group) has become a member of the group during such subsequent taxable year, or (2) subsequent to the exercise of the election to make consolidated returns, subtitle A of the Code to the extent applicable to corporations, or the regulations under section 1502 which have been consented to, have been amended and any such amendment is of a character which makes substantially less advantageous to affiliated groups as a class the continued filing of consolidated returns, regardless of the effective date of such amendment, or (3) the Commissioner, prior to the time of making the return, upon application made by the common parent corporation and for good cause shown, grants permission to change. For the purpose of subparagraph (2) of this paragraph, the expiration of a provision shall be considered as an amendment to the Code made on the date of such expiration.
    (b) *Effect of separate returns when consolidated return is required.* If the making of a consolidated return is required for any taxable year, the tax liability of the members of the affiliated group shall be computed in the same manner as if a consolidated return had been made, even though sepa-

corporation which files a consolidated income tax return for any taxable year must continue to file consolidated returns for subsequent taxable years unless certain conditions, none of which are applicable here, are met.

Nevertheless, in 1965 the corporation and its subsidiaries filed separate income tax returns. Thereafter, the Commissioner recomputed the 1965 tax liability of the corporation and its subsidiaries on a consolidated basis and assessed a deficiency of approximately $10,000. The taxpayer paid the amount assessed and then brought a timely action for a refund.

The only basis for the suit and the only issue presented on appeal is the validity of Treas.Reg. 1.1502–11A(a). Although section 1501 does not make a corporation's election to file a consolidated income tax return in one taxable year binding in subsequent taxable years, nei-

ther does it prohibit this result. Section 1501, moreover, requires that the filing of a consolidated income tax return "shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under section 1502 . . .."

Unquestionably a taxpayer who files a return in accordance with the provisions of section 1501 consents only. to valid regulations. Accordingly, we have examined carefully the consolidated tax provisions and their legislative history and conclude, as did the district court, which relied upon the decision of Regal v. Commissioner, 435 F.2d 922. (2d Cir. 1970) which in turn, adopted the careful opinion of Judge Raum of the Tax Court, 53 T.C. 261 (1969), that Treas.Reg. 1.1502–11A(a) is a reasonable exercise of the discretion conferred upon the Secre-

rate returns are made; amounts assessed upon the basis of separate returns shall be considered as having been assessed upon the basis of a consolidated return; and amounts paid up on the basis of separate returns shall be considered as having been paid by the common parent corporation. In such cases the making of separate returns shall not be considered as the making of a return for the purpose of computing any period of limitation or any deficiency. If a consolidated return for such taxable year is thereafter made, such return, shall, for the purpose of computing periods of limitation and any deficiency, be considered as the return for such year.

(c) *When affiliated group remains in existence.* For the purpose of the regulations under section 1502, an affiliated group shall be considered as remaining in existence if the common parent corporation remains as a common parent and at least one subsidiary remains affiliated with it, whether or not such subsidiary was a member of the group at the time the group was formed and whether or not one or more corporations have become subsidiaries or have ceased to be subsidiaries at any time after the group was formed.

(d) *When affiliated group terminates.* For the purpose of the regulations under section 1502, an affiliated group shall be considered as terminated if the common parent corporation ceases to be the common parent or if there is no subsidiary affiliated with it.

Treas.Reg. § 1.1502–75 provides in relevant part:

. . . (2) *Continued filing requirement.* A group which filed (or was required to file) a consolidated return for the immediately preceding taxable year is required to file a consolidated return for the taxable year unless it has an election to discontinue filing consolidated returns under paragraph (c) of this section.

\* \* \* \* \* \*

(c) *Election to discontinue filing consolidated returns*—(1) *Good cause*—(i) *In general.* Notwithstanding that a consolidated return is required for a taxable year, the Commissioner, upon application by the common parent, may for good cause shown grant permission to a group to discontinue filing consolidated returns. Any such application shall be made to the Commissioner of Internal Revenue, Washington, D. C. 20224, and shall be made not later than the 90th day before the due date for the filing of the consolidated return (including extensions of time). In addition, if an amendment of the Code, or other law affecting the computation of tax liability, is enacted and the enactment is effective for a taxable year ending before or within 90 days after the date of enactment, then application for such a taxable year may be made not later than the 180th day after the date of enactment, and if the application is approved the permission to discontinue filing consolidated returns will apply to such taxable year notwithstanding that a consolidated return has already been filed for such year.

tary of the Treasury by Congress when it enacted sections 1501 and 1502 of the Code.

Affirmed.