*Decision will be entered under Rule 50.*

SUNRAY OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110402.    Promulgated February 14, 1944.

*Edward Howell, Esq.,* for the petitioner.
*E. G. Sievers, Esq.,* for the respondent.

OPINION.

ARNOLD, *Judge*: Although the petitioner originally claimed that its income from leases on state lands was exempt from Federal income

tax for each of the taxable years, its present position is that such income should be treated as exempt from Federal taxation only until March 7, 1938, the date upon which the Supreme Court of the United States decided the case of *Helvering* v. *Mountain Producers Corporation*, 303 U. S. 376, overruling *Burnet* v. *Coronado Oil & Gas Co.*, 285 U. S. 393 (1932), and *Gillespie* v. *Oklahoma*, 257 U. S. 501 (1922).

The only question is whether, as petitioner contends, it obtained a vested right under prior erroneous interpretations of the Constitution of the United States, later overruled, and that the correct interpretation, when finally arrived at, can be applied prospectively only.

We see no merit in petitioner's position. Erroneous interpretations do not alter the Constitution and we can recognize no vested rights arising out of them. Petitioner has cited a number of cases, but we consider none of them to be pertinent to the question before us. The *Mountain Producers* case itself, which petitioner wishes us to apply nonretroactively, was retroactively applied to the taxpayer therein, for it involved income tax liability for previous years. The decision has been retroactively applied by the Commissioner, Mim. 4755, 1938–1, C. B. 179, 180. In the absence of a specific statute, we are unable to afford any relief to petitioner and we must hold, under the authority of *Helvering* v. *Mountain Producers Corporation*, *supra*, that Federal income tax liability was incurred by petitioner with respect to the income derived by it from oil leases upon state owned lands. Cf. *Helvering* v. *Gerhardt*, 304 U. S. 405 (1938); Public Salary Tax Act of 1939, Public No. 32, 76th Cong., 1st sess.

At the hearing we reserved ruling upon the admissibility of testimony offered by petitioner, and objected to by respondent, pertaining to statements made by the then Governor of Oklahoma to petitioner's president and its general counsel as to the immunity from Federal taxation of income derived from leases upon state lands. The testimony purported to show that such statements induced the bids which petitioner made to obtain certain of its leases on state lands. We consider the testimony offered to be incompetent, irrelevant, and immaterial to the issue before us and we grant respondent's motions to strike.

The question remaining for decision is whether the petitioner is correct in contending that it should be permitted to exclude from "gross income," for the purposes of sections 22 (a) of the Revenue Acts of 1936 and 1938 and the Internal Revenue Code, the aliquot parts of bonuses paid for obtaining oil and gas leases which are attributable to the taxable years.

The aliquot parts of the bonuses sought to be excluded from gross income were computed for the purpose of determining the amount

of depletion allowable under section 114 (b) (3) of the applicable statutes. That section provides, in part:

PERCENTAGE DEPLETION FOR OIL AND GAS WELLS.—In the case of oil and gas wells the allowance for depletion under section 23 (m) shall be 27½ per centum of the gross income from the property during the taxable year, *excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property.* * * * [Emphasis supplied.]

The applicable Treasury regulations provide that if royalties in the form of bonus payments or advanced royalties have been paid in respect of the property in the taxable year or in prior years, the amount excluded from "gross income from the property" for the taxable year on account of such payments, as required for the purpose of section 114 (b) (3), *supra*, "shall be an amount equal to that part of such payments which is allocable to the products sold during the taxable year." Art. 23 (m)–1 (3) (g), Regulations 94 and 101; sec. 19.23 (m)–1 (f), Regulations 103; see also *Quintana Petroleum Co.*, 44 B. T. A. 624, 628-629.

The parties are in agreement as to the portions of the bonuses paid by the petitioner which are allocable to each of the years before us for the purpose of section 114 (b) (3). The amounts are set forth in our findings. Petitioner argues that because such amounts are to be excluded from "gross income from the property" for the purpose of section 114 (b) (3), they should also be excluded from "gross income" under section 22 (a).

We have held that the term "gross income from the property," as used in section 114 (b) (3), is synonymous with the amount to be included in the taxpayer's "gross income" under section 22 (a). *Marrs McLean*, 41 B. T. A. 565, 575; see also *Helvering* v. *Twin Bell Oil Syndicate*, 293 U. S. 312 (1934). The petitioner's contention would require a departure from the rule, there announced, because what the petitioner asks is that we hold that "gross income" under section 22 (a) means "gross income from the property" less an aliquot part of the bonuses paid for the property. The fallacy of this contention is apparent on its face.

In effect, petitioner is seeking to recover its original investment in the oil and gas leases by amortizing its cost and deducting a portion thereof from gross income annually. The appropriate method under which such an investment can be recovered is through the deduction for depletion, *Quintana Petroleum Co.*, *supra*; sec. 19.23 (m)–10 (a), Regulations 103; and the method contended for by the petitioner has no legal justification. We hold for the respondent on this issue.

*Decision will be entered under Rule 50.*