The **H. WETTER MANUFACTURING COMPANY**, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

Civ. No. 69-383.

United States District Court, W. D. Tennessee, W. D.

May 13, 1971.

Hubert McBride, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., for plaintiff.

Lynn Ross, U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendant.

## MEMORANDUM ORDER AND DECISION

ROBERT M. McRAE, Jr., District Judge.

Plaintiff, H. Wetter Manufacturing Company, has sued the defendant, the United States of America, for a refund of Federal personal holding company tax and interest in the amount of $21,839.42, plus interest thereon, for the taxable year ended December 31, 1965. This personal holding company tax was assessed as a result of the Internal Revenue Service's application of Treasury Regulations Section 1.562–1(a) to a dividends paid deduction claimed by the plaintiff.

Both plaintiff and defendant have filed motions for summary judgment in this cause, and the Court has heretofore heard all argument on these motions on October 16, 1970. In addition, the Court has studied the Complaint, the plaintiff's claim for refund, and the plaintiff's answer to the defendant's request for admission, all of which are in the record, and the Court has had the benefit of supporting briefs supplied by both sides of this controversy.

## FACTS

During 1965, the plaintiff, H. Wetter Manufacturing Company, was a personal holding company, and until that year, the company declared and paid dividends each year in sufficient amounts to avoid incurring a personal holding company tax.

In December, 1965, the plaintiff corporation declared a dividend which it paid by distributing cash of $96.00 and stock of Texaco, Inc., with the basis to the company of $2,089.57, but a fair market value of $38,819.00. The company, in its return for that year, claimed a dividends paid deduction for purposes of personal holding company tax in the amount of $38,915.00 (cash dividend of $96.00 plus the fair market value of Texaco, Inc. stock, $38,819.00).

The Internal Revenue Service examined the 1965 calendar year return of the plaintiff and reduced the claimed deduction for dividends paid. Based upon this examination, the Internal Revenue Service assessed $19,373.19 personal holding company tax and interest thereon of $2,466.23 for 1965. The plaintiff company paid these amounts to the District Director in Nashville, Tennessee, and filed claims for refund, which have not been disallowed, but more than six months elapsed between the filing of the claim for refund and the filing of this suit. This cause followed.

## LAW

Since 1934, the Internal Revenue Code has imposed a surtax on the undistributed income of so-called "personal holding companies". To qualify as a personal holding company, a corporation must meet both the income test and a stock ownership test, viz., at least 60% of its "adjusted ordinary gross income" must be "personal holding company income" (primarily passive investment income); and more than 50% of its stock must be owned—directly or indirectly, actually or constructively—by five or fewer individuals.

Section 541 of the Internal Revenue Code of 1954 imposes the personal holding company tax on the undistributed personal holding company income of corporations which come within the definition of a personal holding company, which is contained in Section 542 of the

Internal Revenue Code of 1954. In computing the undistributed personal holding company income, a deduction is permitted by Section 545(a) for dividends paid, as specified in Section 561, and Section 561 provides, among other things, that " * * * in determining the deduction for dividends paid, the rules provided in Section 562 * * * shall be applicable".

Section 562, in turn, provides that with certain limitations the term "dividend" shall include only dividends described in Section 316. Section 316(b) (2) (A) (ii) provides, in part:

" * * * The term 'dividend' also means any distribution of property (whether or not a dividend as defined in subsection (a) ) made by the corporation to a shareholder, to the extent of its undistributed personal holding company income (determined under section 545 without distributions under this paragraph) for such year."

## CONCLUSION

The issues in this case can be resolved by a determination of the validity of Treasury Regulation 1.562–1(a), which provides in part as follows:

" * * * If a dividend is paid in property (other than money) the amount of the dividends paid deduction with respect to such property shall be the adjusted basis of the property in the hands of the distributing corporation at the time of the distribution." 26 C.F.R., Part 1, Sec. 1.-562–1.

The whole argument of the plaintiff centers around the fact that the Secretary of the Treasury was without authority to add this provision to the Treasury Regulation because Congress

had repealed Section 27(d) of the Internal Revenue Code of 1939, that Section 27(d) of the Internal Revenue Code of 1939 contained statutory authority for computing the amount of the dividends paid deduction as the adjusted basis of the property in the hands of the distributing corporation at the time of the distribution,[1] but that the Internal Revenue Code of 1939 was expressly repealed, effective for taxable years beginning after December 31, 1953, and neither Section 562 nor any other section of the Internal Revenue Code of 1954 authorized the Secretary of the Treasury to promulgate that portion of Treasury Regulation 1.-562–1(a) as quoted and set out above.

■ Referring to the report of the Senate Finance Committee of the 83rd Congress (S.Rep. No. 1622, p. 325, 3 U. S.C.Cong. & Adm.News (1954) pp. 4621, 4965–4966) it is the opinion of this Court that it was the intent of Congress to incorporate Sections 27(d), (e), (f), and (i) of the Internal Revenue Code of 1939 into Section 562 of the Internal Revenue Code of 1954. Accordingly, there is sufficient Congressional intent expressed therein to authorize the Secretary of the Treasury to adopt Treasury Regulation Section 1.562–1(a) as quoted above.

■■ The validity of Treasury Regulation, Section 1.562–1(a) should be resolved by Congressional intent rather than by oversight. The plaintiff, the H. Wetter Manufacturing Company, is therefore not entitled to rely on oversight in resolving the validity of this Treasury Regulation. That being the case, the Regulation controls. Defendant is accordingly entitled to a summary judgment, and plaintiff's motion for summary judgment must be denied.

1. Section 27(d) of the Internal Revenue Code of 1939 provides as follows:

"(d) Dividends in kind. If a dividend is paid in property other than money (including stock of a corporation if held by the corporation as an investment) the amount with respect thereto which shall be used in computing the basic surtax credit shall be the adjusted basis of the property in the hands of the corporation at the time of the payment, or the fair market value of the property at the time of the payment, whichever is the lower."