The H. WETTER MANUFACTURING COMPANY, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 71-1725.

United States Court of Appeals, Sixth Circuit.

April 13, 1972.

John J. Doggett, Jr., Memphis, Tenn., for plaintiff-appellant; Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Hubert A. McBride, T. F. Jackson, III, Memphis, Tenn., on brief.

William K. Hogan, Dept. of Justice, Tax Div., Washington, D. C., for defendant-appellee; Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Bennett N. Hollander, Mary J. McGinn, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief, Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., of counsel.

Before PECK and McCREE, Circuit Judges, and KINNEARY, District Judge.*

JOHN W. PECK, Circuit Judge.

The taxpayer is an incorporated personal holding company which in the years prior to 1965 had declared and paid dividends in sufficient amounts to avoid incurring a personal holding company tax. In December, 1965, the taxpayer declared a dividend which it paid by distributing cash in the amount of $96.00 and the capital stock of Texaco, Inc. which had a basis to the taxpayer of $2,089.57 and a fair market value at the time of the distribution of $38,819.00. In its tax return for the year 1965, the taxpayer claimed a dividends paid deduction of $38,915.00, computed by adding the amount of the distributed cash to the fair market value of the distributed stock.

The Commissioner, relying upon Treasury Regulations Section 1.562–1(a), reduced the deduction for dividends paid to $2,185.57, the total of the cash and the appellant's adjusted basis in the stock, and assessed a tax deficiency of $19,373.19, plus interest, computed on the resultant increase in the income of the company. The appellant paid the assessment for the tax and interest, filed a claim for refund, and then filed the complaint instituting this suit.

Both sides conceded that there were no disputed issued of fact, and cross motions for summary judgment were filed. The District Court upheld the validity of the regulation, granted the government's motion for summary judgment, and dismissed the taxpayer's complaint with prejudice, 330 F.Supp. 444.

The sole issue presented on this appeal is whether a personal holding company, when distributing the stock of another corporation as a dividend, must value the stock at the holding company's adjusted basis or at the fair market value of the stock in computing the dividends paid deduction provided for by Section 545 of the Internal Revenue Code of 1954.

In determining how Congress wished the deduction to be computed, we start with Section 545 of the Code. This section provides that the undistributed personal holding company income is the taxable income of the personal holding company adjusted as allowed by law and minus ". . . the dividends paid deduction as defined in section 561." Section 561 provides that the rules provided in Sections 562 and 563 shall be applicable in determining the deduction for dividends paid. Section 562 provides that ". . . the term 'dividend' shall, except as otherwise provided in this section, include only dividends described in section 316. . . ." Section 316 provides that if the distributing corporation is a personal holding company during the year in which the distribution is made, ". . . the term 'dividend' also means any distribution of property . . . made by the corporation to its shareholders, to the extent of its undistributed personal holding company income . . . for such year." In addition, Section 301(d) (1) provides in the event that the recipient of the dividend is not a corporation, the basis of the property so distributed shall be "the fair market value" of the property.

In spite of this statutory language, the Secretary has provided in Treasury Regulation 1.562–1(a) that ". . . [i]f a dividend is paid in property (other than money) the amount of the dividend paid deduction with respect to such property shall be the adjusted basis of

* Honorable Joseph P. Kinneary, United States District Court for the Southern District of Ohio, sitting by designation.

the property in the hands of the distributing corporation at the time of the distribution." The District Court held that this regulation should prevail over the clear wording of the statute and concluded from an examination of the legislative history of the Act, that Congress had intended to, but had not included this provision in the statute, and that there was ". . . sufficient Congressional intent expressed therein to authorize the Secretary of the Treasury to adopt . . ." the regulation in question.

■■ Because Congress has delegated to the Secretary of the Treasury only the power to issue regulations for the enforcement of the revenue laws, and because this power is limited to carrying into effect the will of the Congress as expressed by the statutes, the express words of the Code must control when they conflict with a regulation. The Secretary may not broaden or narrow the specific provisions of the revenue laws. In 1967, this Court approved the observation of the Eighth Circuit that "[t]he Commissioner has no more power to add to the Act what he thinks Congress may have overlooked than he has to supply what Congress has deliberately omitted." General Electric Co. v. Burton, 372 F.2d 108, 111 (6th Cir. 1967). A Court may not enforce a regulation which is plainly inconsistent with the revenue statute. Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948), Commissioner of Internal Revenue v. Netcher, 143 F.2d 484, 487 (7th Cir. 1944).

■ The Government's contention is that the legislative history of the Act clearly shows that Congress intended that the dividends paid deduction should not be the amount of the fair market value of the stock, but the adjusted basis of the stock to the distributing company. We can find no language in the Code which states that the amount of the dividends paid deduction available to a personal holding company is limited to the adjusted basis of the property in the hands of the distributing corporation at the time of the distribution. Such language can be found only in the legislative history of this section of the Code (S.Rept.No. 1622, p. 325, 3 U.S.C.Cong. & Adm.News 4621, 4965–66 (1954) ). This Court has said:

"We may not, under the guise of construction, find a Congressional intent that is contrary to the clear language employed by it. Where a statute is unambiguous, it should be given effect according to its literal language. . . . Nor should we ' * * * depart from the plain meaning of the section to bring about a uniformity which it is claimed Congress intended but failed to express.' " Hilliard v. United States, 310 F.2d 631, 632 (6th Cir. 1962).

We find no ambiguity in sections 316 and 562, and therefore, resort to the legislative history is unnecessary and improper. Like other extrinsic aids to construction, the use of legislative history is to *solve*, but not to *create* an ambiguity. United States v. Shreveport Grain & El. Co., 287 U.S. 77, 83, 53 S.Ct. 42, 77 L.Ed. 175 (1932). The ambiguity in this case is between the Code and the Regulations, and in such a case it is well settled that the provisions of the Code are controlling. Where the provisions of an act are unambiguous, and its direction specific, the Secretary of the Treasury has no power to amend the statute by regulations. Koshland v. Helvering, 298 U.S. 441, 447, 56 S.Ct. 767, 80 L.Ed. 1268 (1936).

Inasmuch as there is no genuine issue as to any material fact, the judgment of the District Court is reversed, and the cause is remanded with instructions to grant the appellant's motion for summary judgment.