**FEDERAL LIFE INSURANCE COMPANY (Mutual), Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 75–1385.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 4, 1975.

Decided Dec. 24, 1975.

Edward J. Schmuck, Washington, D. C., for plaintiff-appellant.

Scott P. Crampton, Asst. Atty. Gen., and Stephen M. Gelber, Atty., Tax Div.,

Dept. of Justice, Washington, D. C., Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendant-appellee.

Before STEVENS, Circuit Justice,* RIVES, Senior Circuit Judge,** and TONE, Circuit Judge.

PER CURIAM.

This appeal deals with a narrow question: when may a life insurance company deduct, under § 809(d)(12),[1] its expenses for commissions associated with premiums which are "deferred and uncollected" at the close of the tax year?

Plaintiff, a life insurance company, filed a suit for refund of taxes allegedly overpaid for the years 1965 and 1966. Although the complaint made somewhat broader claims for relief, it is agreed that the issue had been narrowed to the question just stated by the time the District Court dismissed the complaint.

There are difficulties involved in the income taxation of life insurance companies, difficulties caused by the fact that the profitability of a life insurance contract can be determined only over a period of many years. Thus, in order to tax the companies on an annual basis, Congress has had to define by statute an annual tax base which is really an artificial construction.[2] It is unnecessary to detail here the calculations which are involved.[3] However, we must note that not all the income (in its generic sense) which is received by a life insurance company is considered to belong to the company. For all policies which a life insurer has outstanding, it is required by state law to maintain reserves which are intended to be sufficient to pay all claims on the policies. That portion of the premium (called the net valuation premium) which is to go into these reserves can be considered to be the policyholder's share and is allowed as a deduction from the company's gross premium income.[4]

Under state law, insurance companies are subject to regulations promulgated by the National Association of Insurance Commissioners. These regulations require that a company include in its reserves the net valuation portion of all deferred and uncollected premiums[5] for policies which are in force at the end of the year, even though the company has no legal right ever to compel payment of those premiums. Since the actual reserves required by law measure the tax deduction, the net valuation portion of premiums which may never be paid is allowed as a deduction for tax purposes. Allowing such a deduction is not, of course, in line with normal accrual accounting principles used in calculating taxes.[6] Conceptually, it may perhaps

---

* Mr. Justice Stevens participated initially as Circuit Judge; on and after December 19, 1975, he participated as Circuit Justice.

** Senior Circuit Judge Richard Taylor Rives of the United States Court of Appeals for the Fifth Circuit is sitting by designation.

1. Unless specifically noted otherwise, all statutory citations are to the Internal Revenue Code of 1954, Title 26 U.S.C.

2. See §§ 801–810.

3. For a detailed explanation of the actual calculations, see *Jefferson Standard Life Insurance Co. v. United States*, 408 F.2d 842 (4th Cir. 1969).

4. Actually, it appears that the company determines the premium charged to the insured by first determining this net valuation premium and then adding to it a "loading" which is a composite of all the expenses and expected profit allocated to the particular contract.

5. "Deferred and uncollected" premiums include both installments for the current year not yet due, where the premium is payable more frequently than annually, and premiums due but not yet paid. These latter can occur because life insurance policies normally allow a "grace period" of at least 30 days after the premium due date before the policy lapses for nonpayment.

6. See § 818(a), and Treasury Regulation, § 1.446–1 (26 C.F.R.), stating that generally, under an accrual method, deductions are allowable for the taxable year in which all the events have occurred which establish the fact of the liability giving rise to such deduction and the amount thereof can be determined with reasonable accuracy.

best be thought of as a conclusive presumption that these deferred and uncollected premiums will in fact be received. This was the approach taken in *Franklin Life Insurance Company v. United States*, 399 F.2d 757 (1968), where we held that since the deferred and uncollected premiums were included in the reserve to be deducted, those premiums must also be included in the gross premiums (part of income) for the same year.[7] In *Franklin Life*, the taxpayer also contended that since only the net valuation portion of the premium is included in the reserve deduction, only that same portion should be included in gross premium income—in effect, a deduction should be allowed for the "loading" portion. The Court disagreed on the ground that Congress, while allowing several specific deductions from "gross premiums," had not allowed one for loading. That holding is not questioned here. What is contended is that although loading as such may not be deducted, commissions which are payable to agents on the sole contingency that the premiums be paid are deductible in the year in which the associated premiums are taken into income.

■ The District Court dismissed the complaint, holding that *Franklin Life* precluded allowing the deduction for the agents' commissions. We do not read *Franklin Life* so broadly. It dealt with "loading" as a unit—a concept not mentioned in the statute. It seems quite proper that not all portions of loading should be allowed as a deduction; loading includes elements of profit which will never be deductible and elements of anticipated expense subject to various contingencies which may or may not ever occur, as well as the element of commission which is subject to the single contingency that the premiums (taken into income in this year) actually be paid. There is no question that these agents' commissions can be deducted.[8] The only question is whether this deduction may be taken in the same year as the income with which it is inextricably associated. We hold that it may. Under normal principles of accrual accounting, the deduction would not be "accrued," but neither would the income. Both items are subject to the same contingency—eventual payment of the premium by the insured. As the Tax Court said in *North American Life and Casualty Company v. Commissioner*, 63 T.C. 364 (Dec. 17, 1974), "Respondent [the Commissioner] cannot ignore the contingency in requiring accrual of income yet assert such contingency in determining the accrual of related deductions."

■ We are bolstered in our conclusion by the fact that we have not been shown, nor found on our own, any case in which a court has specifically held that such commissions were not deductible in the same year the related premiums are taken into income.[9] Rather, several courts have said that they should be. *Great Commonwealth Life Insurance Company v. United States*, 491 F.2d 109 (5th Cir. 1974); *United Life and Accident Insurance Company v. United States*, 329 F.Supp. 765 (D.N.H.1971); *North American Life and Casualty Company, supra*. Respect for the decisions of other circuits is especially important in tax cases because of the importance of

---

7. The same conclusion has been reached in *Jefferson Standard, supra; Western National Life Insurance Company v. Commissioner*, 432 F.2d 298 (5th Cir. 1970); and *Western & Southern Life Insurance Co. v. Commissioner*, 460 F.2d 8 (6th Cir. 1972), cert. denied 409 U.S. 1063, 93 S.Ct. 555, 34 L.Ed.2d 517. The Tenth Circuit has recently reached the opposite result, however, in *Standard Life & Accident Insurance Co. v. Commissioner*, 525 F.2d 786, (1975).

8. Section 809(d)(12), incorporating by reference § 162(a) which provides a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

9. *Franklin Life, supra; Western & Southern Life Insurance Company v. Commissioner*, 460 F.2d 8 (6th Cir. 1972), and *Occidental Life Insurance Company v. United States*, 25 AFTR2d 70–796 (C.D.Cal.1970), cited by the government, all dealt with the deductibility not of the *commission* expense, but of the "loading" as a unit.

uniformity, and the decision of the Court of Appeals of another circuit should be followed unless it is shown to be incorrect, *Goodenow v. Commissioner*, 238 F.2d 20 (8th Cir. 1956). In this case we believe the Fifth Circuit to have been demonstrably correct.

One particular argument made by the government should be mentioned. It contended that life insurance company income was already considerably distorted by being understated, and that a decision for the plaintiff in this case would only increase the distortion, thus unbalancing a carefully designed statutory scheme. The sources of distortion already existing are alleged to be the deferral, as provided in the statute, of 50% of the net operations income and the fact that agents' commissions are allowed as a current expense rather than being required to be capitalized. We can only say that we see no relation between these "distortions" and the timing of the agents' commissions in either the statute or the legislative history. An overstatement of income in one respect cannot be required by a court simply because there is an alleged understatement in another, independent respect.

The order of the District Court dismissing the complaint must therefore be reversed and the case remanded for trial.

Reversed and remanded.