**TENNESSEE DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION et al., Appellants,**

v.

**Lowell Paul HUGHES, Appellee.**

Supreme Court of Tennessee.

Dec. 30, 1975.

C. Hayes Cooney, Chief Deputy Atty. Gen., Nashville, for appellants; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

Angus Gillis, III, Haynes & Smith, Nashville, for appellee.

## OPINION

HARBISON, Justice.

This case is before the Court upon interlocutory appeal by two state agencies or instrumentalities, seeking review of an order of the trial court which overruled their motion to dismiss.

The action was instituted as a common-law claim for damages. Appellee, plaintiff below, alleged that he was shot by one Johnnie Michael Duck, a named defendant below who is not involved in this appeal. The complaint alleged that Duck had either escaped from or had been released from the Central State Psychiatric Hospital, where he was being detained after having entered a guilty plea on a murder charge. It was alleged that the Central State Psychiatric Hospital and the Tennessee Department of Mental Health and Retardation were liable

for negligence of state employees in permitting the escape or discharge of this criminally insane individual. The superintendent of the hospital and the State Commissioner of Mental Health and Retardation were named as defendants in their official capacities.

All defendants except Duck filed a motion to dismiss, predicated upon the principle of the sovereign immunity of the State. The trial court sustained the motion as to the individual defendants, and no appeal was taken from that action. The trial judge, however, overruled the motion as to the hospital and the department, upon the ground that the Tennessee Governmental Tort Liability Act, T.C.A. § 23–3301 et seq., applied to these defendants and operated to remove their immunities as agencies of the state government. The trial judge certified this ruling as representing a controlling question in the case, pursuant to the provisions of T.C.A. § 27–305, and permitted a discretionary appeal to this Court.

■ The single assignment of error filed on behalf of the department and of the hospital is to the effect that the Governmental Tort Liability Act has no application to the state government or its agencies and departments, and only applies to municipal, county or other local governments. We are of the opinion that this contention is well taken, and that the trial court was in error in holding that instrumentalities of the state government, as contrasted with local governmental entities, are subject to the terms and provisions of the Act.

While there is broad language defining "governmental entity" in T.C.A. § 23–3302(1), the entire statute has to be read in context, and it is clear from reading the entire Act that the references therein are to local governmental entities, their agencies and employees. While we think that the Act is sufficiently clear in this regard as not to require the use of extrinsic aids in interpretation, nevertheless if there should be sufficient doubt on the point to justify a finding that the statute is ambiguous, the legislative debates in connection with the passage of the Act make it clear that the intention of the General Assembly was to deal with the question of governmental immunity only at the county, municipal or other local level, and not at the state level.

Although other matters are mentioned in the briefs filed in this Court, the sole issue presented to the trial court, and the sole contention made there as to the right of plaintiff to maintain the action against the state agencies, rested upon T.C.A. § 23–3302(1). The only issue certified to this Court for determination as a controlling question on the interlocutory appeal was whether the state agencies involved were subject to suit by reason of this statute. Since we have concluded that they are not, we hold that the trial court was in error in its ruling, and we remand the case to the trial court for further proceedings consistent with this opinion.

■ We feel it important to state that while T.C.A. § 27–305, permitting interlocutory appeals, is a salutary procedural statute, its use can lead to the fragmentation of appeals and substantial delay in the final disposition of cases in the trial court. As a rule of practice, henceforth this Court will require that when a question is certified here for review on interlocutory appeal, the exact and precise question sought to be reviewed must be stated in the order granting the appeal; otherwise this Court will decline to accept the appeal, absent most extraordinary and compelling circumstances.

■ The reason for this requirement should be apparent. In the present case, the appellee urges the Court to make a broad policy statement on the matter of the sovereign immunity of the State. This issue is simply not before the Court, by cross-appeal, assignment of error, or otherwise. When dealing with an interlocutory appeal, the Court can and will deal only with those matters clearly embraced within the question certified to it. Otherwise serious injustice to some of the parties could result, particularly in a situation such as this,

where a motion to dismiss has been overruled in the trial court. We now direct that the motion to dismiss be sustained upon the issue certified here. Nevertheless, a plaintiff, when a motion to dismiss has been sustained, is ordinarily entitled to amend, if in good conscience and within the applicable rules of law, he may do so. Whether counsel for appellee will or not seek to amend his complaint in light of the ruling which we have made today, we, of course, cannot know. Since amendments to pleadings are ordinarily made in the trial courts, rather than the appellate courts, we remand the case for such further proceedings as may be necessary or appropriate.

Costs of the appeal are taxed to appellee.

FONES, C. J., and COOPER and BROCK, JJ., concur.

HENRY, J., filed a concurring opinion.

HENRY, Justice (concurring).

I concur in the conclusion reached in the majority opinion because this appeal presents the narrow and limited question of the application of the Tennessee Governmental Tort Liability Act to the State of Tennessee, its agencies and departments. I agree that it does not apply.

My concurrence, however, is prompted by the fact that § 23–3302 T.C.A., containing definitions, is somewhat ambiguous. Reference to the legislative debates clears up the ambiguity and leaves no doubt that this legislation embraces only cities, counties, and other subordinate governments.

If I accepted the spurious "arm of the state" theory of governmental immunity, consistency of approach would demand a different conclusion. See dissenting opinion, *Cooper v. Rutherford County*, 531 S.W.2d 783 (Tenn.1975). This necessarily follows from the fact that the "arm of the state" theory proceeds upon the assumption that cities and counties are "political subdivisions" of the state, and, hence, the state's immunity trickles down to them, while acting in their governmental capacity. Under this theory, § 23–3302 T.C.A. would encompass all "political subdivisions" of the state, to include agencies and departments thereof, and the Tennessee Governmental Tort Liability Act would be applicable also to the State. This follows from the fact that the statute would be facially unambiguous and there could be no resort to the legislative debates. *H. Wetter Manufacturing Co. v. United States*, 458 F.2d 1033 (6th Cir. 1972).

But I do not accept the specious "arm of the state" argument and, therefore, concur in the results reached by the majority without being in full agreement with their reasoning.

I emphasize that this appeal does not fairly raise the issue of the sovereign immunity of the state. There is no necessity for this Court to address the meaning of the constitutional declaration that

Suits may be brought

against the state  .  .  .

Nor is it necessary or appropriate to comment upon the constitutionality of § 20–1702 T.C.A. or any other statutory enactment in derogation of Article 1, Section 17 of the Constitution of Tennessee.