Arthur S. FULMAN and Neil A. Cooper, Trustees of Pierce Investment Corp. Stockholders Trust, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 73–1109–M.

United States District Court, D. Massachusetts.

Jan. 22, 1976.

Daniel D. Levenson, Jonathan J. Margolis, Lourie & Cutler, Boston, Mass., for plaintiffs.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Jerome Fink, Acting Chief, Refund Trial Section No. 1, Dept. of Justice, Washington, D. C., James N. Gabriel, U. S. Atty., James J. O'Leary, Asst. U. S. Atty., Dept. of Justice, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

FRANK J. MURRAY, District Judge.

This case came on to be considered on the respective motions of plaintiffs and defendant for summary judgment, the parties having stipulated all material facts and waived oral argument. The sole issue may be stated as follows:

> For purpose of computing the deduction provided by Section 545 (the deduction for dividends paid under the personal holding company tax) of the Internal Revenue Code of 1954 (Code), is a dividend paid by a holding company with the securities of other corporations to be valued to the holding company at the company's adjusted basis of the securities or at their fair market value at the time of distribution?

This same issue was considered in *H. Wetter Manufacturing Co. v. United States*, 458 F.2d 1033 (6th Cir. 1972). There the court undertook to journey through the Code seeking resolution of the issue in the following language:

> In determining how Congress wished the deduction to be computed, we start with Section 545 of the Code. This section provides that the undistributed personal holding company income is the taxable income of the personal holding company adjusted as allowed by law and minus ". . . the dividends paid deduction as defined in section 561." Section 561 provides that the rules provided in Sections 562 and 563 shall be applicable in determining

the deduction for dividends paid. Section 562 provides that " . . . the term 'dividend' shall, except as otherwise provided in this section, include only dividends described in section 316 . . . ." Section 316 provides that if the distributing corporation is a personal holding company during the year in which the distribution is made, " . . . the term 'dividend' also means any distribution of property . . . made by the corporation to its shareholders, to the extent of its undistributed personal holding company income . . . for such year." *Id.* at 1034.

After considering the contentions and briefs of the parties, the court agrees with, and adopts, the quoted language as relevant to the issue here. However, the court is not persuaded to follow *Wetter* beyond the quoted language, particularly where it referred to section 301(d)(1), seemingly as bearing upon the computation of the dividends deduction in the hands of the distributing personal holding company, and rejected the Treasury Regulation 26 C.F.R. § 1.562–1(a) as inconsistent with the Code. The court agrees with *Wetter* that "[a] Court may not enforce a regulation which is plainly inconsistent with the revenue statute" (*id.* at 1035), but, with respect, disagrees that the "plain meaning" rule of statutory construction resolves the issue. *Cf.* D. Kahn, Basic Corporate Taxation 195 (1973); 51 Tex.L.Rev. 368 (1973).

From a consideration of the arguments of the parties and analysis of the pertinent provisions of the Code, the court reaches the following conclusions:

■ (1) Section 301 of the Code does not unambiguously support plaintiffs' contention that valuation at fair market value of the dividend is the proper construction of section 562 of the Code in resolving the issue here. Considered to-

1. 26 U.S.C. § 316, as pertinent to plaintiffs' contentions, provides:

(a) . . . To the extent that any distribution is, under any provision of this sub-

chapter, treated as a distribution of property to which section 301 applies, such distribution shall be treated as a distribution of property for purposes of this subsection.

gether, sections 301 and 316[1] are not clearly dispositive of the issue. Section 301(d)[2] speaks only of the valuation of a corporate dividend received by a shareholder-distributee; it does not by its terms purport to govern the effect of the distribution on the corporate-distributor of property distributed as a dividend. Accordingly, the court respectfully declines to follow the holdings of *Wetter* and *Gulf Inland Corp. v. United States*, 36 AFTR 2d 75–5511 (W.D.La.' 1975).

■ (2) Section 312 of the Code does not establish a yardstick of valuation for determining the amount of dividends paid deduction by a personal holding company at the company's adjusted basis in the property distributed, as defendant contends. Section 312 provides for valuation of a distribution as a dividend only in relation to a corporation's earnings and profits. Section 316(b)(2)(A), however, contemplates that a distribution by a personal holding company may be treated as a dividend even if it is in excess of the corporation's earnings and profits. *See* B. Bittker & J. Eustice, Federal Income Taxation of Corporations ¶ 8.25 n. 102 (3rd ed. 1971).

**2.** 26 U.S.C. § 301, as pertinent to plaintiffs' contentions, provides:

(d) *Basis.*—The basis of property received in a distribution to which subsection (a) applies shall be—

(1) *Noncorporate distributees.*—If the shareholder is not a corporation, the fair market value of such property.

(2) *Corporate distributees.*—If the shareholder is a corporation, whichever of the following is the lesser:

(A) the fair market value of such property; or

(B) the adjusted basis (in the hands of the distributing corporation immediately before the distribution) of such property, increased in the amount of gain to the distributing corporation which is recognized under subsection (b) or (c) of section 311, under section 341(f), or under section 617(d)(1), 1245(a) or 1250(a).

**3.** The House Report reads as follows:

*Section 562. Rules applicable in determining dividends eligible for dividends paid deduction*

Subsection (a) provides that the term "dividend" for purposes of this part shall include, except as otherwise provided in this

■ (3) Where the statutory provisions relied upon by the parties do not unambiguously support their respective contentions as to the construction of section 562 of the Code in determining the basis for computing the dividends paid deduction, the court may properly consider the legislative history of section 562 as an aid to its construction. *Cf. Commissioner v. Bilder*, 369 U.S. 499, 82 S.Ct. 881, 8 L.Ed.2d 65 (1962), *rev'g*, 289 F.2d 291 (3rd Cir. 1961).

■ (4) That history, derived from the committee reports, specifically refers to section 27(d) of the Internal Revenue Code of 1939 as being "incorporated" and "contained" in the 1954 Code. H.R. Rep.No.1337, 83rd Cong., 2d Sess. A181 (1954), 1954 U.S.Code Cong. & Admin. News 4320;[3] S.Rep.No.1635, 83rd Cong., 2d Sess. 325 (1954), 1954 U.S.Code Cong. & Admin.News 4965–66.[4] Section 27(d) provided that the dividends paid credit for personal holding company taxes was to be computed at "the adjusted basis of the property in the hands of the corporation at the time of payment, or the fair market value of the property at the time of payment, whichever is lower". 26 U.S.C. § 27(d) (1952).[5] The valuation

section, only those dividends described in section 312 (relating to definition of dividends for purposes of corporate distributions). The requirements of sections 27(d), (e), (f), and (i) of existing law are incorporated in the definition of "dividend" in section 312, and accordingly are not restated in section 562.

**4.** The Senate Report reads as follows:

*Section 562. Rules applicable in determining dividends eligible for dividends paid deduction*

This section conforms to section 562 of the House bill except for a clerical amendment.

Subsection (a) provides that the term "dividend" for purposes of this part shall include, except as otherwise provided in this section, only those dividends described in section 316 (relating to definition of dividends for purposes of corporate distributions). The requirements of sections 27(d), (e), (f), and (i) of existing law are contained in the definition of "dividend" in section 312, and accordingly are not restated in section 562.

**5.** Some explanation of the legislative history as it refers to the incorporation of section 27(d) of the 1939 Code in the 1954 Code is

standard of section 27(d) relevant to the issue here is embodied in the Treasury Regulation, 26 C.F.R. § 1.562–1(a),[6] which permits a dividends paid deduction by the personal holding company only to the extent of the holding company's adjusted basis of the property distributed. The court will defer to the regulation promulgated by the Commissioner of Internal Revenue acting within his statutory authority unless it should appear that the regulation is plainly inconsistent with the Code or is unreasonable.

▌ (5) The regulation is not in conflict with sections 301, 316 or 562 of the Code, and nothing has been presented to the court to demonstrate inconsistency with any other sections. In light of the clear Congressional intention evidenced in the legislative history of section 562 to implant the valuation principle of section 27(d) of the 1939 Code in the 1954 Code, and the Congressional purpose in enacting the personal holding company tax,[7] there is nothing unreason-

required. The House Report places the requirements of section 27(d) in section 312 of the House Bill. The Senate Report, while by terms also placing the requirements of section 27(d) in "section 312", raises the inference that the Senate actually meant that the requirements of section 27(d) had been placed in section 316 of the Senate Bill. This inference is supported by several pieces of circumstantial evidence. Section 316 of the Senate Bill, which became section 316 of the 1954 Code, was originally section 312 of the House Bill. The first sentence of the two-sentence Senate discussion of section 562(a) (which otherwise reproduces the House discussion almost verbatim) makes the numbering adjustment from section 312 of the House Bill to section 316 of the Senate Bill. Yet the second sentence of the Senate discussion makes continued and unaccountable reference to "section 312". Finally, the reference in the Senate discussion to section 312 is factually incorrect. The Senate Report states that the requirements of section 27(d) "are contained in the definition of 'dividend' in Section 312 . . . ." In point of fact, however, there is no definition of the term "dividend" in section 312. It was section 316 of the Code as enacted and not section 312 that Congress denominated as "Dividend defined". Based upon examination of the legislative history of section 562, the court must conclude that the reference to "section 312" in the second sentence of the Senate Report's discussion of section 562(a) is a typographical error. Further, the court must agree with plaintiffs that defendant is erroneously relying upon section 312 of the Code as the valuation provision for the personal holding company tax.

In addition to negating the relevance of the specific provision relied upon by the defendant, however, the legislative history of section 562 also plays an affirmative role in construction of the Code. The portion of the legislative history relevant for purposes of construction of section 562 is the expressed Congressional intent to incorporate section 27(d) of the 1939 Code. After allowance is made for the typographical error in the Senate Report, it ap-

pears clear from the legislative history that Congress believed it was incorporating the requirements of section 27(d) in section 316 of the 1954 Code.

The plaintiffs, therefore, are correct in asserting that the legislative history of section 562 is marred by typographical error and that once this typographical error is accounted for it becomes clear that Congress did not intend section 312 of the 1954 Code to provide a valuation provision for the corporation's distribution of securities. Nevertheless, the substance of the defendant's contention that the legislative history here supports the result it seeks is unimpaired by close examination of the primary texts relied upon by Congress in considering the 1954 Code.

6. 26 C.F.R. § 1.562–1(a), in pertinent part, provides:

(a) *General rule.* Except as otherwise provided in section 562(b) and (d), the term "dividend", for purposes of determining dividends eligible for the dividends paid deduction, refers only to a dividend described in section 316 (relating to definition of dividends for purposes of corporate distributions). . . . If a dividend is paid in property (other than money) the amount of the dividends paid deduction with respect to such property shall be the adjusted basis of the property in the hands of the distributing corporation at the time of the distribution. · · ·

7. Congress sought, in enacting the personal holding company tax, a means by which to thwart tax avoidance by those individual taxpayers who might take advantage of the differential between personal and corporate income tax rates by incorporating their pocketbooks. The means Congress chose was an extremely severe surtax placed upon undistributed personal holding company income. The effect of the surtax was to force dissolution of personal holding companies by making their continued existence unprofitable. *See, e. g., Litchfield Securities Corp. v. United States,* 325 F.2d 667, 668 (2d Cir. 1963), *cert. denied,* 377 U.S. 931, 84 S.Ct. 1333, 12 L.Ed.2d 295 (1964); *St. Louis*

able in a regulation permitting disparity between the valuation of the property distributed as dividends, when allowed as a deduction to the personal holding company in computing its taxable undistributed income, and the valuation of the same property when subject to the tax imposed upon income to shareholders. Even if the personal holding company tax, 26 U.S.C. § 541 *et seq.*, is a penalty, and therefore to be construed narrowly against defendant, *Commissioner v. Acker*, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959), where the Congressional purpose is explicitly revealed in the legislative history,[8] the Treasury Regulation is consistent with that purpose, and there is no statutory language that supports the construction urged by the taxpayer, the court will accord full weight to the regulation. *See Commissioner v. Bilder, supra*, 369 U.S. at 504, 82 S.Ct. 881.

Accordingly, defendant's motion for summary judgment is granted, and plaintiffs' motion is hereby denied.

Co. v. United States, 237 F.2d 151, 157 (3rd Cir. 1956), *cert. denied*, 352 U.S. 1001, 77 S.Ct. 558, 1 L.Ed.2d 546 (1957); *Noteman v. Welch*, 108 F.2d 206, 208 (1st Cir. 1939).

8. *Cf. Ivan Allen Co. v. United States*, 422 U.S. 617, 95 S.Ct. 2501, 45 L.Ed.2d 435 (1975). The Supreme Court in the last term illustrated the manner in which technical valuation issues surrounding a penalty tax are to be addressed in *Ivan Allen* when it construed certain provisions of the accumulated earnings tax, a tax, like the personal holding company tax, designed by Congress to minimize the opportunities for tax avoidance offered by the differential between personal and corporate income taxes. *Ivan Allen* noted that the accumulated earnings tax was "a penalty and therefore to be strictly construed". *Id.* at 627, 95 S.Ct. at 2506. Nevertheless, the Court also felt bound to construe the statute in light of the purpose envisioned for the tax evidenced by the structure of the accumulated earnings provisions. *Id.* at 626–27, 95 S.Ct. 2501. After doing so the Court found in favor of the Government. The analysis that the court gives here to the personal holding company tax is similar to that given the accumulated earnings tax by the Court in *Ivan Allen*. For even conceding that the statute must be strictly construed against the defendant here, the court must give full weight to the Congressional intent evidenced in the legislative history.