**GULF INLAND CORPORATION,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 75–3767.

United States Court of Appeals,
Fifth Circuit.

April 7, 1978.

Donald E. Walter, U. S. Atty., Lawrence L. Jones, Asst. U. S. Atty., Shreveport, La., Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Michael L. Paup, Joseph L. Liegl, Gilbert E. Andrews, Act. Chief, App. Sec., U. S. Dept. of Justice, Gary R. Allen, Tax Division, U. S. Dept. of

Justice, Washington, D. C., Eugene G. Sayre, Tax Div., Dept. of Justice, Dallas, Tex., for defendant-appellant.

Albert Mintz, Machale A. Miller, New Orleans, La., for plaintiff-appellee.

Joseph B. Brennan, Walter H. Wingfield, Atlanta, Ga., for amicus curiae.

Before GEWIN, RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

Internal Revenue Code § 541 imposes a penalty tax on the undistributed income of personal holding companies. To avoid that levy, Gulf Inland distributed appreciated property to its shareholders. Under Treas. Reg. § 1.562–1(a) (1958), Gulf Inland could only take a deduction from income for the adjusted basis of the property, even though the shareholders who received it would have to pay individual taxes on the higher fair market value. Because a then-recent case from the Sixth Circuit, *H. Wetter Manufacturing Co. v. United States,* 458 F.2d 1033 (6th Cir. 1972), had held Treas. Reg. § 1.562–1(a) invalid, Gulf Inland treated as distributed income the full fair market value of the property distributed.

The Government did not seek Supreme Court review in *Wetter.* After Gulf Inland made its distribution, the Internal Revenue Service formally announced its disagreement with *Wetter,* and in this litigation, the Government seeks to apply the regulation to Gulf Inland. The district court, agreeing with *Wetter,* held for the taxpayer.

The Supreme Court has now rejected *Wetter* and upheld Treas.Reg. § 1.562–1(a) as having a reasonable basis in the legislative history of the Tax Code. *Fulman v. United States,* —— U.S. ——, 98 S.Ct. 841, 55 L.Ed.2d 1 (1978), *affirming* 545 F.2d 268 (1st Cir. 1976).

■ Conceding it would now lose the issue under *Fulman,* Gulf Inland nevertheless argues that *Fulman* should not be applied retroactively, because *Fulman* changed the *Wetter* law on which Gulf Inland relied. *See Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

Gulf Inland's reliance, however, was not of a type which would justify nonretroactivity. The risks of its position were manifest from the beginning. Treasury Regulation § 1.562–1(a) had been in force since 1958. Before *Wetter* it had never been challenged. After *Wetter,* it was still the law, at least presumably being applied by the Internal Revenue Service in all, circuits other than the Sixth. *See Fulman v. United States,* 545 F.2d 268 (1st Cir. 1976); *C. Blake McDowell, Inc. v. Commissioner of Internal Revenue,* 67 T.C. 1043 (1977); *cf. Golsen v. Commissioner of Internal Revenue,* 54 T.C. 742, 756–758 (1970) (dictum) (even when it disagrees, the Tax Court will follow the law of the Circuit to which appeal will lie), *overruling Lawrence v. Commissioner of Internal Revenue,* 27 T.C. 713, 717–720 (1957).

■ As a policy matter, the Courts of Appeals may defer to each other in tax cases in order to promote uniformity. *See Federal Life Insurance Co. v. United States,* 527 F.2d 1096, 1098–1099 (7th Cir. 1975). *Stare decisis,* however, does not apply, and the decision of one Court of Appeals does not bind that of another. 1B J. Moore, Federal Practice ¶ 0.402[1] at 62–63 (2d ed. 1974); *see United States v. Northside Realty Associates,* 518 F.2d 884, 886 (5th Cir. 1975) (dictum), *cert. denied,* 424 U.S. 977, 96 S.Ct. 1483, 47 L.Ed.2d 747 (1976); *Shultz v. Crotty Brothers Texas, Inc.,* 310 F.Supp. 761, 768 (E.D.Tex.1970).

■ Just as this Court did not have to follow *Wetter,* neither did the Government, outside the confines of that litigation. As the Supreme Court has said:

> the United States, like other parties, is entitled to adhere to what it believes to be the correct interpretation of a statute, and to reap the benefits of that adherence if it proves to be correct, except where bound to the contrary by a final judgment in a particular case.

*United States v. Estate of Donnelly,* 397 U.S. 286, 294–295, 90 S.Ct. 1033, 1038, 25 L:Ed.2d 312 (1970).

Finally, Congress has indicated that, in federal tax law, claims of reliance are to be given little weight. Under I.R.C. § 7805(b), the Service even has the discretion to apply its interpretations of the law retroactively, and its exercise of that discretion has been upheld even when it applied a view of the law expressly contrary to the law of the Court of Appeals at the time the taxpayer planned his transaction. *United States v. Cocke,* 399 F.2d 433, 447–452 (5th Cir. 1968) (*en banc*); *Hartman Tobacco Co. v. United States,* 471 F.2d 1327 (2d Cir. 1973) (*en banc*); *see Dixon v. United States,* 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965); 10 A.L.R.3d 1371 at § 29. *But cf.* 1B J. Moore, Federal Practice ¶ 0.402[3. –2–4] (2d ed. 1974) (citing state cases).

REVERSED.