### C. BLAKE McDOWELL, INC., Petitioner-Appellee,

v.

### COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

### No. 77–1493.

United States Court of Appeals, Sixth Circuit.

June 6, 1978.

As Amended July 11, 1978.

---

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Tax Div., U. S. Dept. of Justice, Washington, D. C., Stuart E. Seigel, Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellant.

C. Blake McDowell, Jr., Gilbert V. Killing, Jr., Brouse & McDowell Co., Richard J. Kovach, Akron, Ohio, for petitioner-appellee.

## ORDER

Before WEICK, KEITH and MERRITT, Circuit Judges.

The Commissioner appeals from a decision of the Tax Court finding no deficiencies in the appellee taxpayer's taxes for the taxable years 1972 and 1973. *C. Blake McDowell, Inc. v. Commissioner,* 67 T.C. 1043 (1977). The issue presented to the Tax Court was the validity of Treas.Reg. § 1.562–1(a) which provides, *inter alia,* that when a personal holding company distributes appreciated property to its shareholders as deficiency dividends, the amount of a claimed deficiency dividend deduction for the property is limited to the adjusted basis of the property at the time of distribution. The Tax Court found the regulation valid, but yielded to the decision in *H. Wetter Manufacturing Co. v. United States,* 458 F.2d 1033 (6th Cir. 1972) in which this Court held § 1.562–1(a) invalid and stated the amount of a claimed deduction should be based on the fair market value of the property at the time of distribution. Since this appeal was docketed herein, the Supreme Court in *Fulman v. United States,* 434 U.S. 528, 98 S.Ct. 841, 55 L.Ed.2d 1 (1978), has upheld the validity of Treas.Reg. § 1.562–1(a), thereby rejecting the *Wetter* decision. The Commissioner now moves the Court, pursuant to Rule 9(b), Rules of the Sixth Circuit, to summarily reverse the judgment of the Tax Court on the basis of *Fulman, supra.* The taxpayer moves for dismissal of this appeal and for summary affirmance on the grounds that the *Fulman* decision should not be given retroactive effect and the *Wetter* decision still controls the immediate case.

Upon consideration of the parties' motions and the memoranda filed in support thereof,

IT IS ORDERED that the judgment of the Tax Court be and it hereby is vacated, and the action is remanded to the Tax Court for further proceedings in light of the Supreme Court's decision in *Fulman v. United States, supra.*