## C. BLAKE MCDOWELL, INC., PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3852–76.     Filed October 24, 1978.

*C. Blake McDowell, Jr., Gilbert V. Kelling, Jr.,* and *Richard J. Kovach,* for the petitioner.

*William P. McKeithan,* for the respondent.

### OPINION

TANNENWALD, *Judge:* This case is before the Court on remand from the Sixth Circuit Court of Appeals for reconsideration in light of the Supreme Court's recent decision in *Fulman v. United States,* 434 U.S. 528 (1978). In particular, petitioner seeks a hearing at which to present evidence as to its reliance on the decision of that circuit in *H. Wetter Manufacturing Co. v. United States,* 458 F.2d 1033 (6th Cir. 1972), and asserts that such reliance would constitute a sufficient ground for refusing to give *Fulman* retroactive effect herein. The issue in *Fulman, Wetter,* and this case was the validity of section 1.562–1(a), Income Tax Regs. That regulation limits the dividends-paid deduction for personal holding companies making deficiency distributions of appreciated property to the adjusted basis of the property distributed.

Petitioner distributed deficiency dividends of appreciated property to its shareholders to avoid the penalty tax imposed on undistributed income of personal holding companies by section 541, I.R.C. 1954. At the time that petitioner made its deficiency distributions, and until the Supreme Court rendered its decision in *Fulman,* the rule prevailing in the Sixth Circuit was that section 1.562–1(a), Income Tax Regs., was invalid and that the fair market value of the property distributed was deductible. *H.*

*Wetter Manufacturing Co. v. United States, supra.* While appeal of the instant case was pending before the Sixth Circuit,[1] the Supreme Court in *Fulman* held section 1.562-1(a) valid.

Thus, the sole issue for decision is whether, assuming petitioner relied on the state of the law in the Sixth Circuit at the time of its deficiency distributions, such reliance is sufficient to avoid retroactive application of *Fulman.*[2]

The general rule, established by an early decision of the Supreme Court, is that a court applies the law in effect at the time it renders its final judgment. See *United States v. The Schooner Peggy*, 5 U.S. (1 Cranch) 102, 108 (1801), where the Court stated: "if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied." The rule applies whether the change occurs in a treaty (*United States v. The Schooner Peggy, supra*), in statutory law (*Cort v. Ash*, 422 U.S. 66, 76-77 (1975), and *Carpenter v. Wabash Rwy. Co.*, 309 U.S. 23 (1940)), or, as in the present case, in decisional law (*Vandenbark v. Owens-Illinois Co.*, 311 U.S. 538 (1940)). In *Vandenbark*, the United States District Court for the Northern District of Ohio dismissed the plaintiff's case on the ground that existing State law provided no right of recovery. Thereafter, the Ohio Supreme Court expressly overruled its former decisions and made injuries such as the plaintiff had suffered, compensable. On appeal, the Sixth Circuit declined to apply the overriding decision retroactively,[3] and the Supreme Court reversed, stating that "Intervening and conflicting decisions will thus cause the reversal of judgments which were correct when entered." 311 U.S. at 543. See also *Bradley v. Richmond School Board*, 416 U.S. 696, 710-716 (1974); *Linkletter v. Walker*, 381 U.S. 618, 625-627 (1965).

Very recently, in *Gulf Inland Corp. v. United States*, 570 F.2d

---

[1]In our prior opinion, *C. Blake McDowell, Inc. v. Commissioner*, 67 T.C. 1043 (1977), we expressed our disagreement with the Sixth Circuit's position that sec. 1.562-1(a), Income Tax Regs., was invalid but entered decision for the petitioner under the doctrine of *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. on other issues 445 F.2d 985 (10th Cir. 1971).

[2]The sequence of events on which petitioner bases its claim of reliance is as follows: *H. Wetter Manufacturing Co. v. United States*, 458 F.2d 1033 (6th Cir. 1972), was decided on Apr. 13, 1972, the transactions involved herein took place in December 1974 and January 1975, and the decision of the First Circuit in *Fulman v. United States*, which created the conflict with *Wetter*, was handed down on Nov. 19, 1976 (see 545 F.2d 268 (1976)) and was not even decided by the District Court until Jan. 22, 1976 (see 407 F. Supp. 1039 (D. Mass. 1976)).

[3]*Vandenbark v. Owens-Illinois Glass Co.*, 110 F.2d 310 (6th Cir. 1940).

1277 (5th Cir. 1978), the Fifth Circuit specifically rejected the taxpayer's reliance on *Wetter* as a ground for not applying *Fulman* retroactively. Petitioner seeks to distinguish this case by pointing to the fact that in *Gulf Inland,* unlike the situation herein, the taxpayer was not relying on a decision of the Court of Appeals for the circuit in which it resided. That distinction has no merit. In *United States v. Estate of Donnelly,* 397 U.S. 286 (1970), the issue presented was whether a Federal tax lien filed in the United States District Court for the Eastern District of Michigan was effective against a subsequent good faith purchaser. The Supreme Court, applying one of its own decisions retroactively,[4] upheld the lien despite the fact that the interpretation of the tax lien statute prevailing in the Sixth Circuit at the time of purchase required filing in the State real property records. In reaching its conclusion, the Supreme Court flatly stated:

Acts of Congress are generally to be applied uniformly throughout the country from the date of their effectiveness onward. * * * In rare cases, decisions construing federal statutes might be denied full retroactive effect, as for instance where this Court overrules its own construction of a statute, cf. Simpson v. Union Oil Co., 377 U.S. 13, 25, 84 S.Ct. 1051, 1059, 12 L.Ed.2d 98 (1964), but this is not such a case. [397 U.S. at 294–295.][5]

The tax to be paid is determined by the law as it exists at the time of final judgment, not as it existed when the transaction was entered into (*United States v. Estate of Donnelly, supra; Massaglia v. Commissioner,* 286 F.2d 258 (10th Cir. 1961), affg. 33 T.C. 379 (1959); *Sunray Oil Co. v. Commissioner,* 147 F.2d 962, 963–964 (10th Cir. 1945), affg. 3 T.C. 251, 253 (1944); *Legg's Estate v. Commissioner,* 114 F.2d 760, 764 (4th Cir. 1940), revg. on other grounds 40 B.T.A. 1074 (1939)) or when the case was first heard by the trial court (*Benedict Oil Co. v. United States,* 582 F.2d 544 (10th Cir. 1978, 42 AFTR2d 78–5178, 78–2 USTC par. 9652); *Of Course, Inc. v. Commissioner,* 499 F.2d 754, 759 (4th Cir. 1974), revg. on other grounds 59 T.C. 146 (1972)).

A taxpayer has no vested right, constitutional or otherwise, in the decisions of a court. See *Sunray Oil Co. v. Commissioner, supra.* As the Supreme Court has stated:

---

[4] *United States v. Union Central Life Ins. Co.,* 368 U.S. 291 (1961).

[5] *Chicot County District v. Bank,* 308 U.S. 371 (1940), heavily relied upon by petitioners, was distinguished on the ground that that case rested on res adjudicata.

Generally the United States, like other parties, is entitled to adhere to what it believes to be the correct interpretation of a statute, and to reap the benefits of that adherence if it proves to be correct, except where bound to the contrary by a final judgment in a particular case. [*United States v. Estate of Donnelly, supra* at 294–295.]

The respondent was entitled to, and did, adhere to his statutory interpretation as expressed in section 1.562–1(a), Income Tax Regs. See *United States v. Cocke*, 399 F.2d 433, 447–452 (5th Cir. 1968) (en banc). Cf. *Dixon v. United States*, 381 U.S. 68 (1965); *Wisconsin Nipple & Fabricating Corp. v. Commissioner*, 581 F.2d 1235 (7th Cir. 1978, 42 AFTR 2d 78–5149, 78–2 USTC par. 9606), affg. 67 T.C. 490 (1976); *Gulf Inland Corp. v. United States, supra* at 1278. Since respondent's position was vindicated by the Supreme Court's decision in *Fulman* prior to the entry of final judgment in this case, section 1.562–1(a), Income Tax Regs., is controlling here, irrespective of any claimed reliance by petitioner on *Wetter*.

*Decision will be entered for the respondent.*