**C. BLAKE McDOWELL, INC.,**
Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.**

No. 78–1595.

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 1980.

Richard J. Kovach, Brouse & McDowell, Akron, Ohio, for petitioner-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert Andrews, Michael L. Paup, Gilbert S. Rothenberg, Philip Brennan, Tax Div., U. S. Dept. of Justice, Stuart E. Seigel, Chief Counsel, I. R. S., Washington, D. C., for respondent-appellee.

Before WEICK, KEITH and MERRITT, Circuit Judges.

ORDER

The issue in this tax case is whether a Supreme Court decision that effectively overruled a Sixth Circuit decision upon which petitioner C. Blake McDowell, Inc. relied should be given retroactive effect. Judge Tannenwald of the Tax Court held that it should, thus subjecting petitioner, a personal holding company, to a tax on undistributed income it would have avoided had the Sixth Circuit decision been held to govern the issue. We affirm the judgment of the Tax Court, 71 T.C. 71.

There are no facts in dispute. In *H. Wetter Manufacturing Co. v. United States*, 458 F.2d 1033 (6th Cir. 1972), this Court held invalid 26 C.F.R. 1.562–1(a), which limits the deduction allowable to personal holding companies for distributions to shareholders to the adjusted basis of distributed property. We held in *Wetter* that holding companies could deduct the fair market value of such distributions. Around the beginning of 1975, petitioner here distributed $3,881.64 cash and stock with a fair market value of $102,900 and an adjusted basis of $1,122. It thereafter filed a claim under 26 U.S.C. § 547 for a deficiency dividend deduction of $106,781.64, the sum of the cash and the fair market value of the stock. The Tax Court found § 1.562–1(a) to be valid but nonetheless deferred to our ruling

in *Wetter.* A year later, in *Fulman v. United States*, 434 U.S. 528, 98 S.Ct. 841, 55 L.Ed.2d 1 (1978), the Supreme Court effectively overruled *Wetter*, holding that § 1.562–1(a) was valid.

Petitioner asks this Court to create a hiatus in the application of § 1.562–1(a). It argues that the criteria for deciding whether court decisions should be applied nonretroactively set out in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) are met in this case. In this civil tax appeal, we adopt the careful analysis of Judge Tannenwald below in holding that those criteria are not satisfied. Creating a gap in the application of the regulation would not further its purpose. Because the taxpayer chose to take the risk that the rule enunciated in *Wetter* would survive, a holding of retroactivity produces no substantial inequitable result.

Accordingly, the judgment of the court below is affirmed.